IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK BONK, as trustee of the Harry and and Patricia Bonk Irrevocable Trust, HARRY BONK and PATRICIA BONK, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD WEZNER, JOHN HANCOCK MUTUAL LIFE INSURANCE CO. and METLIFE, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. ) ) ) ) ) ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Metlife, Inc., a Delaware holding company, removes this action from the Superior Court of the State of Delaware in and for New Castle County to this Court. The grounds for removal are:

1. Plaintiffs Mark Bonk, Harry Bonk and Patricia Bonk reside in and are citizens of Delaware and instituted this action by filing a complaint in the Superior Court of the State of Delaware in and for New Castle County, Delaware, C.A. No. 06C-03-102 (JOH) on or about March 9, 2006. The action is now pending in that court.

2. Upon information and belief, defendant Richard Wezner is a citizen of the Commonwealth of Pennsylvania.

3. Defendant John Hancock is a foreign corporation with its principal place of business in Boston, Massachusetts.

ME1\5627034.1

4.  Defendant Metlife, Inc. is a Delaware holding company. Metlife, Inc. has been fraudulently joined to this action. Metlife, Inc. did not employ defendant Richard Wezner. Metropolitan Life Insurance Co., a New York corporation with its principal place of business in New York, is the proper defendant.

5.  All defendants have consented to the removal of this action. The last defendant served was John Hancock Life Insurance Company on April 4, 2006.

6.  Because there is complete diversity amongst the parties, and because, based on a fair reading of the complaint, the amount in controversy exceeds $75,000, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

7.  In accordance with 28 U.S.C. § 1446(d), a copy of all process, pleadings and orders served upon defendant Metlife, Inc. is attached as Exhibit A.

8.  Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will be given to counsel for Plaintiff and a copy of the notice of removal will be filed with the Prothonotary of the Superior Court of the State of Delaware in and for New Castle County.

WHEREFORE, defendant Metlife, Inc. respectfully requests pursuant to 28 U.S.C. § 1441 that this case be removed from the Superior Court of the State of Delaware in and for New Castle County to this Court, and proceed in this Court as an action properly removed.

McCARTER & ENGLISH, LLP

BY: *Paul A. Bradley*
Paul A. Bradley (DE Bar ID #2156)
919 N. Market Street, 18th Floor
Wilmington, DE 19899
(302) 984-6300
Attorneys for Defendant Metlife, Inc.

DATED: May 1, 2006

## CERTIFICATE OF SERVICE

I, Paul A. Bradley, hereby certify that I caused to be delivered this 1st day of May, 2006, a copy of the foregoing Notice of Removal to the following persons by the method indicated:

**BY FACSIMILE AND BY FIRST CLASS MAIL**

David E. Wilks, Esquire
Buchanan Ingersoll PC
1007 N. Orange Street, Suite 1110
Wilmington, DE 19801

Julie E. Green, Esquire
Edwards & Angell
111 Huntington Avenue
Boston, MA 02199-7613

William J. Payne, Esquire
Stevens & Lee, PC
620 Freedome Business Center, Suite 200
P.O. Box 62330
King of Prussia, PA 19406

Paul A. Bradley

# EXHIBIT A

EFiled: Mar 9 2006 3:37P
Transaction ID 10757856

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| MARK BONK, as trustee of the Harry and Patricia Bonk Irrevocable Trust, HARRY BONK and PATRICIA BONK, | ) ) ) ) Civil Action No. 06C-03-102 JOH |
| Plaintiffs, | ) ) TRIAL BY JURY OF 12 ) DEMANDED |
| v. | ) ) NON-ARBITRATION CASE |
| RICHARD WEZNER, JOHN HANCOCK MUTUAL LIFE INSURANCE CO. and ~~METLIFE, INC.~~ | ) ) ) ) |
| Defendants. | ) |

## SUMMONS

THE STATE OF DELAWARE,
TO THE SHERIFF OF NEW CASTLE COUNTY:
YOU ARE COMMANDED:

To summon the above defendant, MetLife, Inc., so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon David E. Wilks, Esquire, plaintiffs' attorney, whose address is Buchanan Ingersoll, P.C., 1007 N. Orange Street, Suite 1110, Wilmington, Delaware 19801, an answer to the complaint.

To serve upon defendant a copy hereof and of the complaint.

Dated: 3/23, 2006

_Sharon A_____
Prothonotary

_signature_
Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiffs' attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

_Sharon A_____
Prothonotary

_signature_
Per Deputy

**SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)**

EFiled: Mar 9 2006 3:37P EST
Transaction ID 10757856

COUNTY: (N) K S     CIVIL ACTION NUMBER: 06C-03-102 JOH

Civil Case Code: CFRD     Civil Case Type: Fraud Enforcement
(See Reverse Side for Code and Type)

| Caption:<br><br>MARK BONK, HARRY BONK AND<br><br>PATRICIA BONK<br><br>v.<br><br>RICHARD WEZNER, JOHN HANCOCK MUTUAL<br><br>LIFE INSURANCE CO. and METLIFE, INC. | Name and Status of Party filing document:<br><br>Plaintiffs<br><br>Document Type: (E.G.; COMPLAINT;ANSWER WITH COUNTERCLAIM)<br><br>Complaint<br><br>Non-Arbitration X<br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br><br>Arbitration __  Mediation __  Neutral Assessment __<br>DEFENDANT (CIRCLE ONE)  ACCEPT  REJECT<br>JURY DEMAND  YES X  NO __<br><br>TRACK ASSIGNMENT REQUESTED (CIRCLE ONE)<br>EXPEDITED  (STANDARD)  COMPLEX |
|---|---|
| ATTORNEY NAME(S):<br><br>David E. Wilks, Esquire<br>ATTORNEY ID(S):<br><br>2793<br>FIRM NAME:<br><br>BUCHANAN INGERSOLL PC<br>ADDRESS:<br>The Nemours Building<br>1007 N. Orange Street, Suite 1110<br><br>Wilmington, DE 19801<br>TELEPHONE NUMBER:<br><br>(302) 428-5500<br>FAX NUMBER:<br><br>(302) 428-3996<br>E-MAIL ADDRESS:<br><br>wilksde@bipc.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br><br><br><br>EXPLAIN THE RELATIONSHIP(S):<br><br><br><br><br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br><br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 6/2002

EFiled: Mar 9 2006 3:37P
Transaction ID 10757856

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| MARK BONK, as trustee of the Harry and Patricia Bonk Irrevocable Trust, HARRY BONK and PATRICIA BONK, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD WEZNER, JOHN HANCOCK MUTUAL LIFE INSURANCE CO. and METLIFE, INC. <br><br> Defendants. | Civil Action No. 06C-03-JOH <br><br> **TRIAL BY JURY OF 12 DEMANDED** <br><br> **NON-ARBITRATION CASE** |

### COMPLAINT

Plaintiffs Mark Bonk, as trustee of Harry Bonk and Patricia Bonk Irrevocable Trust (the "Bonk Trust"), Harry Bonk and Patricia Bonk, by and through their undersigned attorneys, hereby bring this Complaint against defendants Richard Wezner ("Wezner"), John Hancock Mutual Life Insurance Co. ("Hancock") and MetLife, Inc. ("MetLife"). In support of their claims, plaintiffs allege as follows:

### Parties

1. Plaintiff Mark Bonk is an individual residing at 34688 Doe Run, Lewes, Delaware 19958. For purposes of this action, Mark Bonk is the trustee of the Harry Bonk and Patricia Bonk Irrevocable Trust.

2. Plaintiffs Harry Bonk and Patricia Bonk are individuals residing at 148 Kingsbridge Drive, Rehoboth Beach, DE 19971.

3. Defendant Richard Wezner, upon information and belief, is an individual residing in the Commonwealth of Pennsylvania. Upon information and belief, Wezner was employed by MetLife, Inc. d/b/a Pennsylvania Business Group in its offices located at 450 Plymouth Road, Suite 100, Plymouth Meeting, PA 19462. By reason of his conduct described herein, as well as his regular business activity involving services and goods provided in Delaware, Wezner is subject to the personal jurisdiction of this Court pursuant to 10 Del. C. § 3104.

4. Defendant John Hancock Mutual Life Insurance Company is a foreign corporation with its principal place of business in Boston, Massachusetts. Upon information and belief, Hancock is authorized to issue life insurance polices in the State of Delaware and maintains a current license to do so with the Insurance Commissioner of the State of Delaware. As such, service of process may be made upon Hancock by serving the Insurance Commissioner of the State of Delaware pursuant to 18 Del. C. § 525.

5. Defendant MetLife, Inc. is a Delaware corporation with its principal place of business at 200 Park Avenue, New York, New York 10166. MetLife's registered agent in Delaware is the Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

### Factual Background

6. In 1991, Harry and Patricia Bonk purchased two whole life insurance policies: (1) a $5 million policy with Hancock, Policy No. 20014007 and (2) a $2 million policy with Cigna (together, the "Original Life Policies").

7. In 1998, the Original Life Policies were transferred to the Bonk Trust. From 1998 to the present, the Bonk Trust was and is both the owner and beneficiary of the various life insurance policies defined herein.

8. The purchase of those policies was the result of the Bonks' desire to provide their future estate with cash sufficient to pay estate taxes on their significant real estate holdings. Wezner was the agent who originally sold the policies. Wezner was employed by Hancock until 1999 when he joined MetLife.

9. In 1999, while employed by Hancock, Wezner convinced the Bonks to surrender the Original Life Policies and purchase two new policies: (1) a $6,000,000 life policy with Lincoln National, policy No. 7100468; and (2) a $4,000,000 policy with West Coast Life, Policy No. Z6A3743355 (together, the "Replacement Life Policies").

10. Ostensibly, the reason for the conversion form the Original Life Policies to the Replacement Life Policies was to save the Bonks $4,386.00 in annual premiums. Wezner fraudulently concealed from the plaintiffs that the Original Life Policies' cash value would be applied to the premiums on the Replacement Life Policies.

11. Despite Wezner's direct representations to the contrary, the premiums on the Original Life Policies extended the insurance coverage to age 100 while the premiums on the Replacement Life Policies would only cover the Bonks until age 85. Through 2003, the Replacement Policies accumulated in excess of $360,000 in cash value.

12. Between early 2002 and early 2003, Wezner again approached the Bonks regarding changes to their life insurance structure, fraudulently promising additional premium reductions. In this proposed transaction, the Replacement Life Policies would be sold to AllSettled Co. and Aspen Trust with the resulting cash settlement to be used to fund two new policies (1) a $3 million policy with General America, issued May 9, 2002 and (2) a $4 million policy with General America issued July 15, 2003 (together, the "Current Life Policies").

13. Wezner then arranged for the Bonks to enter into a Life Insurance Policy Purchase and Sale Agreement with All Settled and Consolidated National Funding, LLC (the "Sale Agreement"). Pursuant to the Sale Agreement, the Bonks and the Bonk Trust sold their rights to collect death (and other related) benefits in exchange for a one-time payment of $110,000.00. In exchange for that payment, the plaintiffs assigned all their rights under the Replacement Life Policies.

14. Upon information and belief, the law firm of Wolfson & Grossman acted as the escrow agent on behalf of All Settled and Consolidated National Funding. Pursuant to the Sale Agreement and under instructions from All Settled, Wolfson & Grossman issued a check in the amount of $110,000, payable to Mark Bonk, in his capacity as trustee of the Harry and Patricia Bonk Irrevocable Trust. The letter, dated June 11, 2002, was sent to P.O. Box 869, Ambler, PA 19002. At no time did Mark Bonk provide such an address to any parties to the Sale Agreement. Upon information and belief, the P.O. Box in question was owned by Wezner for the purpose of receiving correspondence on behalf of the Bonks and the Bonk Trust and misappropriating the proceeds of the Replacement Life Policies.

15. Despite Wezner's representations that the Current Life Policies would be issued in the face amounts of $4 million and $6 million, the actual face amounts were only $3 million and $4 million, respectively.

16. At no point prior to the purchase of the Replacement Life Policies and the Current Policies did the Bonks (a) receive illustrations on the net effect of the transfers; (b) receive premium notices; or (c) receive the actual cash settlement from the sales of the policies.

17. During the final transactions discussed above which led to the purchase of the Current Life Policies, Wezner, unbeknownst to the plaintiffs, used a portion of the proceeds from

the sale of the Replacement Life Policies to fund the purchase of a limited $1,500,000 policy only on the life of Patricia Bonk. The plaintiffs were never consulted regarding this purchase and never executed an agreement to purchase the policy. In fact, the plaintiffs had no need or desire to insure the life of Patricia Bonk separate and apart from the existing policies.

18.    Finally, the Current Life Policies show that the coverage contemplated thereunder would lapse in three (3) years after issuance if the proposed funding/premium levels were maintained. In truth, the built-up cash value of the policies was applied to the new policies without the Bonks' knowledge, creating the illusion of reduced premium obligations. At no time did Wezner disclose to plaintiffs that their built-up cash values in any of the policies were dissipated in any way. The Current Life Policies substantially differ from the Original Life Policies in other significant and materials respects.

19.    As a result of Wezner's fraudulent misconduct, plaintiffs have been deprived of, among other things, the benefit of the terms of the Original Life Policies and some or all of the cash value of all the policies.

## COUNT I

### (Fraud)

20.    Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if set forth fully herein.

21.    To induce the Bonks to purchase the Replacement and Current Life Policies, Wezner represented that the sale of the policies and purchase of new policies would result in reduced premium payments while maintaining the same coverage levels as the Original Life Policies.

22.    Wezner made these representations with the intent that the plaintiffs rely upon them.

23. Wezner's representations were knowingly false.

24. The plaintiffs relied to their detriment upon Wezner's fraudulent misrepresentations when purchasing the Replacement and Current Life Policies. The plaintiffs' reliance on these fraudulent misrepresentations was reasonable.

25. As a consequence of their reliance on Wezner's fraudulent misrepresentations, the plaintiffs suffered substantial damages. If the plaintiffs had known the truth of the matters misrepresented, they would not have purchased the Replacement or Current Life Policies and would not have forfeited the favorable terms of and substantial cash value remaining in the Original Life Policies.

26. Wezner concealed the fact that his representations regarding the Replacement and Current Life Policies were fraudulent from the plaintiffs by making additional misrepresentations and knowingly false assurances regarding the benefits provided by the Replacement and Current Life Policies.

27. Wezner's conduct was intentional, outrageous and of the sort warranting the imposition of punitive damages.

WHEREFORE, plaintiffs demand judgment in their favor and against defendants in an amount to be proven at trial, together with prejudgment interest, costs and such other and further relief as the Court deems just.

## COUNT II

### (Negligent Misrepresentation)

28. Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if set forth fully herein.

29. To induce the plaintiffs to purchase the Replacement and Current Life Policies, Wezner represented that the sale of the policies and purchase of new policies would result in reduced premium payments while maintaining comparable coverages.

30. Wezner's representations were false and made without regard to Wezner's pecuniary duty to provide the plaintiffs with accurate information concerning the sale and purchase of the Replacement and Current Life Policies.

31. In making the false representations, Wezner failed to exercise the requisite standard of care.

32. The plaintiffs relied to their detriment upon Wezner's negligent misrepresentations when purchasing the Replacement and Current Life Policies. The plaintiffs' reliance on these fraudulent misrepresentations was reasonable.

33. As a consequence of their reliance on Wezner's negligent misrepresentations, the plaintiffs suffered substantial damages. If the plaintiffs had known the truth of the matters misrepresented, they would not have purchased the Replacement or Current Life Policies and would not have forfeited the favorable terms of and substantial cash value remaining in the Original Life Policies.

WHEREFORE, plaintiffs demand judgment in their favor and against defendants in an amount to be proven at trial, together with prejudgment interest, costs and such other and further relief as the Court deems just.

## COUNT III

### (Restitution For Unjust Enrichment)

34. Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if set forth fully herein.

35. By paying Wezner substantial sums in commissions and premiums from the sale of the Replacement and Current Life Policies, the plaintiffs conferred a benefit upon Wezner, Hancock and MetLife.

36. Wezner, Hancock and MetLife knowingly accepted the benefits conferred upon them by the plaintiffs.

37. Under the circumstances, it would be inequitable for Wezner, Hancock and MetLife to retain the benefits conferred upon them by the plaintiffs without compensating the plaintiffs.

38. Consequently, Wezner, Hancock and MetLife have been unjustly enriched at the plaintiffs' expense and the plaintiffs are entitled to recover in *quantum meruit* for the value of the benefit that the plaintiffs conferred upon Wezner, Hancock and MetLife.

WHEREFORE, plaintiffs demand judgment in their favor and against defendants in an amount to be proven at trial, together with prejudgment interest, costs and such other and further relief as the Court deems just.

## COUNT IV

### (Conversion)

39. Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if set forth fully herein.

40. Using the plaintiffs' cash and property, Wezner purchased the $1,500,000 policy on the life of Patricia Bonk without the plaintiffs' knowledge or consent.

41. Wezner's misappropriation constitutes a willful and wrongful exercise of dominion and control over the plaintiffs' property.

42. Consequently, defendants are liable to the plaintiffs for the value of the funds misappropriated to purchase the policy on the life of Patricia Bonk.

WHEREFORE, plaintiffs demand judgment in their favor and against defendants in an amount to be proven at trial, together with prejudgment interest, costs and such other and further relief as the Court deems just.

## COUNT V

### (Breach of Fiduciary Duty)

43. Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if set forth fully herein.

44. During the course of his relationship with the plaintiffs, Wezner exerted substantial influence, dominion and control over the plaintiffs' financial affairs. In such a capacity, Wezner had the obligation to act in the plaintiffs' best interests and avoid self dealing.

45. As a result of his fiduciary relationship with the plaintiffs, Wezner owed duties of loyalty, good faith and fair dealing in his dealings with the plaintiffs.

46. By virtue of his rampant misrepresentations, fraud and considerable self dealings, Wezner breached his duties of loyalty, good faith and fair dealing.

47. Wezner's conduct was intentional, outrageous and of the sort warranting the imposition of punitive damages.

WHEREFORE, plaintiffs demand judgment in their favor and against defendants in an amount to be proven at trial, together with prejudgment interest, costs and such other and further relief as the Court deems just.

## COUNT VI

### (Vicarious Liability as to John Hancock Mutual Life Insurance Co.)

48. Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if set forth fully herein.

49. Until 1999, Wezner was employed by Hancock for the purpose of selling life insurance policies and other products.

50. When the conduct alleged herein occurred, Wezner was authorized by Hancock to sell life insurance policies, including the Replacement Life Policies.

51. The sale of the Replacement Life Policies occurred within authorized spatial and temporal limits as prescribed by Wezner's job duties with Hancock.

52. Wezner's sale of the Replacement Life policies was actuated by the purpose to carry out his job duties and serve the needs of Hancock.

53. As a result of Wezner's conduct occurring within his scope of employment with Hancock, Hancock is jointly and severally liable for all damages resulting from Wezner's malfeasance.

WHEREFORE, plaintiffs demand judgment in their favor and against defendant John Hancock in an amount to be proven at trial, together with prejudgment interest, costs and such other and further relief as the Court deems just.

## COUNT VII

### (Vicarious Liability as to MetLife, Inc.)

54. Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if set forth fully herein.

55. From 1999 onward, Wezner has been employed by MetLife for the purpose of selling life insurance policies and other financial products.

56. When the conduct alleged herein occurred, Wezner was authorized by MetLife to sell life insurance policies, including the Current Life Policies.

57. The sale of the Current Life Policies occurred within authorized spatial and temporal limits as prescribed by Wezner's job duties with MetLife.

58. Wezner's sale of the Current Life Policies was actuated by the purpose to carry out his job duties and serve the needs of MetLife.

59. As a result of Wezner's conduct occurring within his scope of employment with MetLife, MetLife is jointly and severally liable for all damages resulting from Wezner's malfeasance.

WHEREFORE, plaintiffs demand judgment in their favor and against defendant MetLife, Inc. in an amount to be proven at trial, together with prejudgment interest, costs and such other and further relief as the Court deems just.

## COUNT VIII

### (Declaratory Judgment)

60. Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if set forth fully herein.

61. As a result of the misconduct set forth above and the failure of Hancock and MetLife to provide insurance coverage comparable to that provided by the Original Life Policies, the plaintiffs should be afforded the benefits of the Original Life Policies.

WHEREFORE, plaintiffs demand a declaration that Hancock and MetLife are required to provide to plaintiffs policies of insurance bearing the same terms and benefits as the Original Life Policies, together with costs and such other further relief as the Court deems just.

                                                BUCHANAN INGERSOLL PC

                                                */s/ Thad J. Bracegirdle*
                                                David E. Wilks (No. 2793)
                                                Thad J. Bracegirdle (No. 3691)
                                                Matthew B. McGuire (No. 4366)
                                                The Nemours Building
                                                1007 N. Orange Street, Suite 1110
                                                Wilmington, Delaware 19801
                                                (302) 428-5500

                                                Attorneys for Plaintiffs

Dated: March 9, 2006

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Mark Bonk, as trustee of the Harry+Patricia Irrevocable Trust, Harry and Patricia Bonk

**(b)** County of Residence of First Listed Plaintiff: Sussex
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

**DEFENDANTS**
Richard Wezner, John Hancock Mutual Life Ins. Co. and MetLife, Inc.

County of Residence of First Listed Defendant: Pennsylvania
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health ☐ 690 Other | ☐ 840 Trademark | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/Accommodations / Habeas Corpus: | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare / ☐ 530 General | | | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 33 1441 + 1446
Brief description of cause:
Fraud, negligent misrepresentation, unjust enrichment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 5/1/06
SIGNATURE OF ATTORNEY OF RECORD: Paul Brown

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____