IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK BONK, as trustee of the Harry and and Patricia Bonk Irrevocable Trust, HARRY BONK and PATRICIA BONK, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 06-285 |
| RICHARD WEZNER, JOHN HANCOCK MUTUAL LIFE INSURANCE CO. and METLIFE, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## METLIFE, INC.'S OPENING BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS

McCARTER & ENGLISH, LLP

/s/ Paul A. Bradley
Paul A. Bradley (DE Bar ID #2156)
919 N. Market Street, 18th Floor
P.O. Box 111
Wilmington, DE 19899
(302) 984-6300
Attorney for Defendant
MetLife, Inc.

Dated: May 15, 2006

## TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ............................................................................. 1

SUMMARY OF ARGUMENT .................................................................................................... 2

STATEMENT OF FACTS ........................................................................................................... 4

ARGUMENT ................................................................................................................................ 5

    I.     LEGAL STANDARD ............................................................................................ 5

    II.    METLIFE IS AN IMPROPER PARTY TO THIS ACTION AND THE COMPLAINT SHOULD THEREFORE BE DISMISSED AS AGAINST IT ......................................................................................................... 5

    III.   PLAINTIFF'S FIDUCIARY DUTY CLAIMS SHOULD BE DISMISSED. .......................................................................................................... 6

    IV.   PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT SHOULD BE DISMISSED. .......................................................................................................... 7

CONCLUSION .......................................................................................................................... 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Cases**                                                                                                                       **Page**

*Conley v. Gibson*,
  355 U.S. 41 (1957) .................................................................................................. 5

*LaSalle National Bank v. Perelman*,
  82 F. Supp. 2d 279 (D.Del. 2000) ........................................................................... 8

*Resource Ventures, Inc. v. Resources Management*,
  42 F. Supp. 2d 423 (D.Del. 1999) ........................................................................... 7

*Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts, Inc.*,
  140 F.3d 478 (3d Cir. 1998) .................................................................................... 5

## STATE CASES

*Bird's Constr. v. Milton Equestrian Ctr.*,
  2001 WL 1528956, *4 (Del. Ch.) ............................................................................ 6

*Corrado Brothers v. Twin City Fire Insurance Co.*,
  562 A.2d 1188 (Del. 1989) ...................................................................................... 7

*Crosse v. BCBSD, Inc.*,
  836 A.2d 492 (Del. 2003) ........................................................................................ 6

*Locklear v. Remington*,
  2003 WL 21003722 (D. Del.) .................................................................................. 5

*Mentis v. Delaware American Life Insurance Co.*,
  1999 WL. 744430 (Del. Super. July 29, 1999) ....................................................... 7

*Wal-Mart Stores, Inc. v. AIG Life Insurance Co.*,
  872 A.2d 611 (Del. Ch. 2005) ............................................................................. 6, 7

*Wood v. Coastal States Gas Corp.*,
  401 A.2d 932 (Del. 1979) ........................................................................................ 8

## FEDERAL STATUTES

28 *U.S.C.* §§ 1441 ........................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 1

## NATURE AND STAGE OF PROCEEDINGS

Plaintiffs filed this action in the Superior Court of the State of Delaware in and for New Castle County on or about March 9, 2006. Defendant, MetLife, Inc. ("MetLife"), removed the matter to this Court on May 1, 2006 pursuant to 28 *U.S.C.* §§ 1441 and 1446 based upon diversity of citizenship between the parties. MetLife, Inc. now moves in lieu of answering for dismissal of the complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## SUMMARY OF ARGUMENT

The complaint should be dismissed as against MetLife because MetLife has absolutely no connection to the issues in controversy. The complaint asserts various causes of action based upon the sale and purchase of life insurance policies issued by various insurers, including John Hancock Mutual Life Insurance Company, Cigna (Compl. ¶6), Lincoln National, West Coast Life (Compl. ¶9), and General American (Compl. ¶12). None of the insurance transactions involved any life insurance policy issued by MetLife. Plaintiffs allege that defendant, Richard Wezner ("Wezner"), was the insurance producer involved in the sale of each of the policies referenced in the complaint. They further allege that Wezner was employed by MetLife beginning in 1999. (Compl. ¶8). However, as stated in MetLife's Notice of Removal, Wezner was never employed by MetLife. Therefore, MetLife has absolutely no connection to this controversy. The complaint against it should be dismissed.

Even if MetLife was a proper party to this action – which it is not – plaintiffs have not plead facts sufficient to state claims sounding in breach of fiduciary duty or unjust enrichment as against MetLife. An insurer simply does not owe any fiduciary duty to an insured under Delaware law. Therefore, plaintiffs cannot allege any set of facts under which MetLife could be liable for breach of fiduciary duty in this case.

Similarly, plaintiffs cannot state a claim for unjust enrichment as against MetLife. There is no allegation that MetLife issued any of the insurance policies made the subject of the complaint. Therefore, MetLife did not receive any premium payments. MetLife was in no way "enriched" by virtue of any payments made by plaintiffs. Moreover, even if MetLife had been "enriched" by plaintiffs – which it was not – plaintiffs would have adequate remedies at law to

recover any damages they had suffered as evidenced by their claims for common law fraud, misrepresentation and conversion.

## STATEMENT OF FACTS

The complaint asserts various causes of action based upon the sale and purchase of life insurance policies issued by various insurers, including John Hancock Mutual Life Insurance Company, Cigna (Compl. ¶6), Lincoln National, West Coast Life (Compl. ¶9), and General American (Compl. ¶12). There is no allegation that MetLife issued any policy to plaintiffs or was otherwise involved in any of the life insurance transactions in any way.

## ARGUMENT

### I.  LEGAL STANDARD

Federal Court Rule 12(b)(6) requires that the "court…accept as true all material allegations of the complaint and…construe the complaint in the light most favorable to the plaintiff." *Locklear v. Remington*, 2003 WL 21003722, at *1 (D. Del.); *see also Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief can be granted under any set of facts consistent with the allegations in the complaint." *Id.; see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In this matter, even when this Court accepts as true all of the facts alleged in the complaint, and permits all reasonable inferences in plaintiffs' favor, plaintiffs have nonetheless failed to set forth a claim for which relief can be granted under Delaware law against MetLife. Accordingly, the complaint against MetLife should be dismissed.

### II.  METLIFE IS AN IMPROPER PARTY TO THIS ACTION AND THE COMPLAINT SHOULD THEREFORE BE DISMISSED AS AGAINST IT.

The Complaint fails to allege any action on the part of MetLife giving rise to plaintiffs' alleged claims. There is no allegation that the policies of insurance made the subject of the complaint were issued by MetLife. Nor is there any suggestion that MetLife perpetrated, participated in, facilitated, encouraged, or otherwise engaged in any conduct relevant to plaintiffs' claims.

MetLife's only alleged connection to the matter in controversy is the allegation that defendant Richard Wezner was employed by MetLife. However, as stated in MetLife's Notice of Removal, Wezner was not employed by MetLife. Thus, MetLife's sole alleged connection to

this controversy, in fact, does not exist. Under these circumstances, the Complaint should be dismissed as it relates to MetLife.

### III. PLAINTIFF'S FIDUCIARY DUTY CLAIMS SHOULD BE DISMISSED.

Plaintiffs have not alleged any fact to establish the existence of any legal relationship between themselves and MetLife whatsoever, let alone a fiduciary relationship. There is no allegation even that MetLife issued a policy of insurance to any of the plaintiffs. Even if MetLife had issued an insurance policy, however, no fiduciary duty would arise. Delaware law is clear that there is no fiduciary duty between an insurer and its insured, either in the sale or administration of a policy. Therefore, plaintiffs' fiduciary duty claim as against MetLife fails as a matter of law.

Delaware courts are reluctant to expand the application of fiduciary duties. *Wal-Mart Stores, Inc. v. AIG Life Insurance Co.*, 872 A.2d 611, 625 (Del. Ch. 2005) citing *Bird's Constr. v. Milton Equestrian Ctr.*, 2001 WL 1528956, *4 (Del. Ch.). The duty is only to be extended to "legal relationships where the interests of the fiduciary and the beneficiary incline toward a common goal in which the fiduciary is required to pursue solely the interests of the beneficiary in the property." *Crosse v. BCBSD, Inc.*, 836 A.2d 492, 495 (Del. 2003).

Under this standard, the Supreme Court of Delaware has held that an insurance contract does not give rise to a fiduciary relationship because the interests of the insured and the interests of the insurer are not perfectly aligned. *Id.* Rather, the relationship is purely contractual. *Id.*

> Instead, the law is clear that the insurer/insured relationship is one of contract that does not give rise to a fiduciary relationship. Here, as in most cases, between insurer and insured, the relationship between Wal-Mart and the Insurers is a straightforward commercial relationship arising from contract. It is in all of its aspects an arm's-length transaction. It involves no element of confidentiality, joint undertaking, or trust and dependence.

6

*Wal-Mart Stores, Inc.*, 872 A.2d at 626; *see also Corrado Bros. v. Twin City Fire Ins. Co.*, 562 A.2d 1188, 1192 (Del. 1989) ("[t]he term fiduciary overstates the essential relationship arising out of a contract of insurance."); *Mentis v. Delaware American Life Ins. Co.*, 1999 WL 744430 (Del. Super.) (holding that an insurer does not owe a fiduciary duty to the insured in the sale of a life insurance policy). Attached hereto as Exhibit A.

Nor have plaintiffs alleged facts sufficient to establish a fiduciary relationship with any insurance agent or broker in the sale of any policy at issue. Delaware courts are careful not to extend fiduciary duty to a broker absent allegations of specific facts, which, if proven to be true, demonstrate that the relationship went beyond that occurring in normal commercial transactions. *Wal-Mart Stores, Inc.*, 872 A.2d at 627. Thus, the court in *Wal-Mart Stores, Inc.* granted the insurance brokers' motion to dismiss, reasoning that:

> In the end, Wal-Mart cannot show the existence of a fiduciary relationship by alleging simply that it relied on or "trusted in" the assurances and expertise of the broker-defendant. To rule otherwise would threaten to interject the law of fiduciary duty into a wide range of ordinary commercial relationships generally understood to be governed by the norms of the marketplace, not the scrupulous concerns of equity for persons in special relationships of trust and confidence.

*Id.* at 628.

The law of Delaware is clear that there is no fiduciary relationship between an insurer and its insureds, and plaintiffs have not plead any facts that, if proven, would give rise to a fiduciary relationship between them and any broker or agent. For these reasons, plaintiffs' fiduciary duty claim should be dismissed.

### IV. PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT SHOULD BE DISMISSED.

Unjust enrichment is a quasi-contractual theory of recovery to remedy the absence of a formal contract under Delaware law. *Resource Ventures, Inc. v. Resources Management*, 42 F.

7

Supp. 2d 423, 439 (D.Del. 1999). The elements of the cause of action are: i) an enrichment, ii) an impoverishment, iii) a relation between the enrichment and the impoverishment, iv) the absence of justification, and v) the absence of a remedy in law. *LaSalle National Bank v. Perelman*, 82 F. Supp. 2d 279, 294-95 (D.Del. 2000). Where there is a contract providing the measure of plaintiff's rights against defendant, there can be no recovery under an unjust enrichment theory. *Wood v. Coastal States Gas Corp.*, 401 A.2d 932, 942 (Del. 1979).

Here, plaintiffs have failed to allege any facts to establish that MetLife received any enrichment, let alone a relationship between a MetLife enrichment and plaintiffs' alleged impoverishment. Although plaintiffs summarily state that they conferred a benefit upon MetLife, among others, by paying Wezner "substantial sums in commissions and premiums from the sale of the Replacement and Current Life Policies," no where in the complaint do plaintiffs allege that MetLife issued any policy of insurance for which premiums were paid. Nor do plaintiffs allege that MetLife received any of the commissions or premiums allegedly paid to Wezner.

Moreover, plaintiffs have failed to establish the lack of an available remedy at law. Plaintiffs have asserted various common law claims, including fraud, negligent misrepresentation and conversion, and have demanded damages pursuant to those claims. Hence, assuming plaintiffs can prove the elements of those causes of action, plaintiffs' own complaint demonstrates the availability of a remedy at law.

Plaintiffs' complaint, on its face, demonstrates their inability to establish the essential elements of a claim for unjust enrichment against MetLife. They have not pled any enrichment of MetLife, let alone enrichment related to plaintiffs' alleged impoverishment. Nor can plaintiffs establish the lack of an available remedy at law. They have, in fact, pled common law causes of

8

action for damages, which if proven, would afford them a legal remedy. Because plaintiffs have failed to plead essential elements of unjust enrichment their claim fails as a matter of law.

## CONCLUSION

For all of the foregoing reasons, the complaint should be dismissed as against MetLife in its entirety. Alternatively, Counts III and V of the complaint should be dismissed for failure to state a claim upon which relief can be granted.

McCARTER & ENGLISH, LLP


/s/ Paul A. Bradley
Paul A. Bradley (DE Bar ID #2156)
919 N. Market Street, 18th Floor
Wilmington, DE  19899
(302) 984-6300
Attorney for Defendant
MetLife, Inc.

Dated: May 15, 2006