# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MARK BONK, as trustee of the Harry and Patricia Bonk Irrevocable Trust, HARRY BONK and PATRICIA BONK,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD WEZNER, JOHN HANCOCK MUTUAL LIFE INSURANCE CO. and METLIFE, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 06-CV-00285 (KAJ)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANT RICHARD S. WEZNER

Richard S. Wezner ("Mr. Wezner") hereby answers the Complaint filed by the Plaintiffs in the above-captioned action as follows:

1.  Mr. Wezner is without sufficient knowledge or information to admit or deny the allegations of Paragraph 1 of the Complaint.

2.  Mr. Wezner is without sufficient knowledge or information to admit or deny the allegations of Paragraph 2 of the Complaint.

3.  Mr. Wezner admits that he is an individual residing in the Commonwealth of Pennsylvania. Mr. Wezner admits that was affiliated with MetLife, Inc. ("Metlife") and Pennsylvania Business Group, and that the latter maintained offices at 450 Plymouth Road, Suite 100, Plymouth Meeting, PA 19462. Mr. Wezner states that the remaining allegations of Paragraph 3 contain conclusions of law as to which no response is required.

4.  Mr. Wezner is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint. Mr. Wezner states that

the allegations contained in the last sentence of Paragraph 4 contains conclusions of law as to which no response is required.

5. Mr. Wezner is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. The document referenced in section (1) of Paragraph 6 of the Complaint speaks for itself, and to the extent that the allegations contained Paragraph 6 are inconsistent therewith, Mr. Wezner denies them. Mr. Wezner is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in section (2) of Paragraph 6 of the Complaint.

7. Mr. Wezner is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 7 of the Complaint. Mr. Wezner admits that the Bonk Trust was the owner of the Hancock Policy No. 20014007 referenced in Paragraph 7 of the Complaint from 1998 to June 21, 2004. Mr. Wezner is otherwise without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 7 of the Complaint.

8. Mr. Wezner admits that he was the agent who originally sold the Hancock Policy No. 20014007 to the Bonks. Mr. Wezner admits only that he was affiliated with John Hancock Mutual Life Insurance Co. ("Hancock") until 1999 when he joined Metlife. Mr. Wezner denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Mr. Wezner only admits that the Bonks surrendered the Hancock Policy No. 20014007 that is referenced in Paragraph 9 of the Complaint in 1999. Mr. Wezner states that the documents referenced in Paragraph 9 of the Complaint speak for themselves, and to the extent that the allegations contained in Paragraph 9 are inconsistent therewith, Mr. Wezner denies them. Mr. Wezner denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Mr. Wezner denies the allegations in the Paragraph 10 of the Complaint.

11. Mr. Wezner denies the allegation in Paragraph 11 of the Complaint that refer specifically to him. Mr. Wezner states that the documents referenced in Paragraph 11 of the Complaint speak for themselves, and to the extent that the allegations contained in Paragraph 11 are inconsistent therewith, Mr. Wezner denies them.

12. Mr. Wezner denies the allegations in Paragraph 12 that refer specifically to him. Regarding the remaining allegations set forth in Paragraph 12 of the Complaint, the documents referenced in Paragraph 12 speak for themselves, and to the extent that the allegations contained in Paragraph 12 are inconsistent therewith, Mr. Wezner denies them.

13. Mr. Wezner denies the allegations in Paragraph 13 that refer specifically to him. Mr. Wezner states that the documents referenced in Paragraph 13 speak for themselves, and to the extent that the allegations contained in Paragraph 13 are inconsistent therewith, Mr. Wezner denies them.

14. Mr. Wezner denies the allegations in Paragraph 14 that refer specifically to him. Mr. Wezner states that the documents referenced in Paragraph 14 speak for themselves, and to the extent that the allegations contained in Paragraph 14 are inconsistent therewith, Mr. Wezner denies them.

15. Mr. Wezner denies the allegations in Paragraph 15 that refer specifically to him. Mr. Wezner states that the documents referenced in Paragraph 15 speak for themselves, and to the extent that the allegations contained in Paragraph 15 are inconsistent therewith, Mr. Wezner denies them.

16. Mr. Wezner denies the allegations contained in sub-paragraphs (a), (b), and (c) of Paragraph 16 of the Complaint. Mr. Wezner states that the documents referenced in Paragraph

16 speak for themselves, and to the extent that the allegations contained in Paragraph 16 are inconsistent therewith, Mr. Wezner denies them.

17. Mr. Wezner denies the allegations contained in Paragraph 17 of the Complaint.

18. The documents referenced in Paragraph 18 of the Complaint speak for themselves, and to the extent that the allegations contained in Paragraph 18 of the Complaint are inconsistent therewith, Mr. Wezner denies them.

19. Mr. Wezner denies the allegations set forth in Paragraph 19 of the Complaint.

## **COUNT I**

20. Mr. Wezner incorporates his answers to Paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. Mr. Wezner denies the allegations set forth in Paragraph 21 of the Complaint.

22. Mr. Wezner denies the allegations set forth in Paragraph 22 of the Complaint.

23. Mr. Wezner denies the allegations set forth in Paragraph 23 of the Complaint.

24. Mr. Wezner denies the allegations set forth in Paragraph 24 of the Complaint.

25. Mr. Wezner denies the allegations set forth in Paragraph 25 of the Complaint.

26. Mr. Wezner denies the allegations set forth in Paragraph 26 of the Complaint.

27. Mr. Wezner denies the allegations set forth in Paragraph 27 of the Complaint.

## **COUNT II**

28. Mr. Wezner incorporates their answers to Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. Mr. Wezner denies the allegations set forth in Paragraph 29 of the Complaint.

30. Mr. Wezner denies the allegations set forth in Paragraph 30 of the Complaint.

31. Mr. Wezner denies the allegations set forth in Paragraph 31 of the Complaint.

32. Mr. Wezner denies the allegations set forth in Paragraph 32 of the Complaint.

33. Mr. Wezner denies the allegations set forth in Paragraph 33 of the Complaint.

## COUNT III

34. Mr. Wezner incorporates his answers to Paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. Mr. Wezner denies the allegations set forth in Paragraph 35 of the Complaint.

36. Mr. Wezner denies the allegations set forth in Paragraph 36 of the Complaint.

37. Mr. Wezner denies the allegations set forth in Paragraph 37 of the Complaint.

38. Mr. Wezner denies the allegations set forth in Paragraph 38 of the Complaint.

## COUNT IV

39. Mr. Wezner incorporates his answers to Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Mr. Wezner denies the allegations set forth in Paragraph 40 of the Complaint.

41. Mr. Wezner denies the allegations set forth in Paragraph 41 of the Complaint.

42. Mr. Wezner denies the allegations set forth in Paragraph 42 of the Complaint.

## COUNT V

43. Mr. Wezner incorporates his answers to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. Mr. Wezner denies the allegations set forth in Paragraph 44 of the Complaint.

45. Mr. Wezner denies the allegations set forth in Paragraph 45 of the Complaint.

46. Mr. Wezner denies the allegations set forth in Paragraph 46 of the Complaint.

47. Mr. Wezner denies the allegations set forth in Paragraph 47 of the Complaint.

## COUNT VI

48. Mr. Wezner incorporates his answers to Paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. Mr. Wezner admits only so much of Paragraph 49 that he was affiliated with Hancock for the purpose of selling life insurance policies and other financial products; otherwise denied.

50. Mr. Wezner denies the allegations set forth in Paragraph 50 of the Complaint.

51. The allegations at Paragraph 51 of the Complaint contain conclusions of law as to which no response is required.

52. The allegations at Paragraph 52 of the Complaint contain conclusions of law as to which no response is required.

53. Mr. Wezner denies the allegations set forth in Paragraph 53 of the Complaint.

## COUNT VII

54. Mr. Wezner incorporates his answers to Paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. Mr. Wezner admits only so much of Paragraph 55 that he was affiliated with MetLife for the purpose of selling life insurance policies and other financial products; otherwise denied.

56. The allegations at Paragraph 56 of the Complaint contain conclusions of law as to which no response is required.

57. The allegations at Paragraph 57 of the Complaint contain conclusions of law as to which no response is required.

504892_1/

58.     The allegations at Paragraph 58 of the Complaint contain conclusions of law as to which no response is required.

59.     Mr. Wezner denies the allegations contained in Paragraph 59 of the Complaint.

## COUNT VIII

60.     Mr. Wezner incorporates his answers to Paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61.     Mr. Wezner denies the allegations set forth in Paragraph 61 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Complaint fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### Third Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

The plaintiffs' claims are barred, in whole or in part, by the doctrine of license.

**Seventh Affirmative Defense**

The plaintiffs had full knowledge of and signed all paperwork related to all of the policies referenced in the Plaintiffs' Complaint.

**Eighth Affirmative Defense**

The plaintiffs have not suffered any injury or damages as a result of any alleged act conducted by the Mr. Wezner.

**Ninth Affirmative Defense**

The plaintiffs' claims are barred by the applicable statutes of limitations.

**CONCLUSION**

WHEREFORE, Mr. Wezner respectfully requests an Order dismissing plaintiffs' complaint with prejudice, together with the costs of this suit including reasonable attorneys' fees and such other relief as the Court deems just and proper

| | |
|---|---|
| Dated: May 30, 2006<br>Wilmington, Delaware | EDWARDS ANGELL PALMER & DODGE LLP<br><br>　/s/　*Denise Seastone Kraft*<br>Denise Seastone Kraft (No. 2778)<br>919 N. Market Street, Suite 1500<br>Wilmington, DE 19801<br>(302) 777-7770<br>(302) 777-7263 Facsimile<br>dkraft@eapdlaw.com<br><br>*Attorneys for Defendant Richard Wezner* |

**OF COUNSEL:**

Mary Patricia Cormier
Julia E. Green
Ki O
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA  02199
(617) 239-0100
(617) 227-4420

**CERTIFICATE OF SERVICE**

      I, Denise Seastone Kraft, hereby certify that on May 30, 2006, the attached **ANSWER OF DEFENDANT RICHARD S. WEZNER** was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

David E. Wilks
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE  19801

Paul A. Bradley
McCarter & English
919 North Market Street, 18th Floor
Wilmington, DE  19801

                            **EDWARDS ANGELL PALMER & DODGE LLP**

                            */s/ Denise Seastone Kraft*
                            Denise Seastone Kraft (I.D. 2778)
                            919 N. Market Street, 15th Floor
                            Wilmington, DE 19801
                            302.777.7770
                            302.777.7263
                            dkraft@eapdlaw.com