## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK BONK, as trustee of the Harry and Patricia Bonk Irrevocable Trust, HARRY BONK and PATRICIA BONK, | : : : : | C.A. No. 06-285 |
| Plaintiffs, | : : | |
| v. | : : | |
| RICHARD WEZNER JOHN HANCOCK MUTUAL LIFE INSURANCE CO. and METLIFE, INC., | : : : : | |
| Defendants. | : : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY
(incorrectly designated "John Hancock Mutual Life
Insurance Co." in the Complaint)**

### ANSWER

Defendant, John Hancock Variable Life Insurance Company (herein "Defendant John Hancock" or "John Hancock") (incorrectly designated "John Hancock Mutual Life Insurance Company" in the Complaint), by its attorneys, answers the allegations of plaintiffs' Complaint as follows:

### Parties

1. Denied. Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied.

2. Denied. Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, denied.

1

3. Denied. Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, denied.

4. Admitted in part, denied in part. John Hancock admits that John Hancock Variable Life Insurance Company is a corporation with its principal place of business in Boston, Massachusetts. John Hancock Variable Life Insurance Company is authorized to issue life insurance policies in the State of Delaware and maintains a current license to issue policies with the Insurance Commissioner of the State of Delaware. John Hancock specifically denies that John Hancock Mutual Life Insurance Company is a proper defendant in this matter. John Hancock Mutual Life Insurance Company no longer exists. The remaining allegations in this paragraph of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, those allegations are specifically denied.

5. Denied. Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, denied.

## **Factual Background**

6. Denied. John Hancock specifically denies that Harry and Patricia Bonk purchased Policy No. 20014007 from John Hancock or John Hancock Mutual Life Insurance Company in 1991. John Hancock further denies that Policy No. 20014007 was a whole life insurance policy. John Hancock denies all allegations regarding John Hancock in this paragraph of the Complaint. Moreover, Policy No. 20014007 is in writing and speaks for itself, and John Hancock denies all allegations inconsistent with the written terms and provisions of the Policy. John Hancock is without knowledge or information sufficient to form a belief as to the truth of the

SL1 638590v1/010155.00033

remaining allegations in this paragraph of the Complaint regarding Cigna or the Cigna policy, which are, therefore, specifically denied.

7. Denied. John Hancock specifically denies that Policy No. 20014007, issued by John Hancock Variable Life Insurance Company, was transferred to the "Bonk Trust" in 1998. By way of further answer, John Hancock incorporates its answer to paragraph 6 of the Complaint, above, as if fully set forth herein at length. John Hancock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint, which are, therefore, specifically denied.

8. Denied. John Hancock specifically denies that Richard Wezner ("Wezner") was employed by John Hancock at any time. John Hancock also specifically denies that Wezner was an agent of John Hancock at any time. John Hancock denies that Wezner was an employee or agent of John Hancock at the time of the issuance of Hancock Policy No. 20014007. By way of further answer, John Hancock incorporates its answer to paragraph 6 of the Complaint, above, as if fully set forth herein at length. John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations that, "The purchase of those policies was a result of the Bonks' desire to provide their future estate with cash sufficient to pay estate taxes on their significant real estate holdings," which allegations are, therefore, specifically denied. John Hancock specifically denies all remaining allegations in this paragraph of the Complaint.

9. Denied. John Hancock denies all allegations in this paragraph of the Complaint regarding John Hancock. John Hancock specifically denies that Wezner was employed by John Hancock in 1999 or at any other time. John Hancock further denies that Wezner was an agent of John Hancock in 1999 or at any other time. By way of further answer, John Hancock incorporates its answer to paragraph 6 of the Complaint, above, as if fully set forth herein at length. John

3

Hancock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint which are, therefore, specifically denied.

10. Denied. Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied. By way of further answer, John Hancock incorporates its answers to paragraphs 6 and 9 of the Complaint, above, as if fully set forth herein at length.

11. Denied. Policy No. 20014007 is in writing and speaks for itself, and John Hancock denies all allegations inconsistent with the written terms and provisions of the Policy. Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied. By way of further answer, John Hancock incorporates its answer to paragraph 6 of the Complaint, above, as if fully set forth herein at length.

12. Denied. Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied.

13. Denied. Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied.

14. Denied. Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied.

15.  Denied.  Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied.

16.  Admitted in part, denied in part.  It is admitted only that John Hancock Variable Life Insurance Policy No. 20014007 was surrendered at the request of the Irrevocable Trust of Harry Bonk and Patricia Bonk on December 31, 1999, and that the surrender proceeds of $316,488.20 were paid to Mark Bonk, as Trustee of the Irrevocable Trust of Harry Bonk and Patricia Bonk.  During the existence of Policy No. 20014007, premium notices initially were sent to William Tappan, as trustee of the Irrevocable Trust of Harry Bonk and Patricia Bonk, and then to Mark Bonk, when the policy was assigned to him on December 5, 1998, as trustee of the Irrevocable Trust of Harry Bonk and Patricia Bonk.  John Hancock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint, which are, therefore, specifically denied.  By way of further answer, John Hancock incorporates its answers to paragraphs 6, 8 and 9 of the Complaint, above, as if fully set forth herein at length.

17.  Denied.  Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied.

18.  Denied.  Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied.  Policy No. 20014007 is in writing and speaks for itself, and John Hancock denies all allegations inconsistent with the written terms and provisions of the

5

Policy. By way of further answer, John Hancock incorporates its answer to paragraphs 6, 8 and 9 of the Complaint, above, as if fully set forth herein at length.

19. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, denied. By way of further answer, John Hancock incorporates its answer to paragraphs 6, 8 and 9 of the Complaint, above, as if fully set forth herein at length.

### COUNT I

20. John Hancock incorporates by reference John Hancock's answers to paragraphs 1 through 19 of the Complaint, above, as if fully set forth at length.

21. Denied. Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied. By way of further answer, John Hancock incorporates its answers to paragraph 6, 8 and 9 of the Complaint, above, as if fully set forth herein at length.

22. Denied. Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied.

23. Denied. Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied.

24. Denied. The allegations in this paragraph of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant John Hancock is without knowledge or information sufficient to form a belief as to the

6

truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied. By way of further answer, John Hancock incorporates its answers to paragraphs 6, 8 and 9 of the Complaint, above, as if fully set forth herein at length.

25. Denied. The allegations in this paragraph of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied. By way of further answer, John Hancock incorporates its answers to paragraphs 6, 8 and 9 of the Complaint, above, as if fully set forth herein at length.

26. Denied. The allegations in this paragraph of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied. By way of further answer, John Hancock incorporates its answers to paragraphs 6, 8 and 9 of the Complaint, above, as if fully set forth herein at length.

27. Denied. The allegations in this paragraph of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied.

## COUNT II

28. John Hancock incorporates by reference John Hancock's answers to paragraphs 1 through 27 of the Complaint, above, as if fully set forth at length.

29. Denied. Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied. By way of further answer, John Hancock incorporates its answers to paragraphs 6, 8 and 9 of the Complaint, above, as if fully set forth herein at length.

30. Denied. The allegations in this paragraph of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied. By way of further answer, John Hancock incorporates its answers to paragraphs 6, 8 and 9 of the Complaint, above, as if fully set forth herein at length.

31. Denied. The allegations in this paragraph of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied.

32. Denied. The allegations in this paragraph of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied. By way of further answer, John Hancock incorporates its answers to paragraphs 6, 8 and 9 of the Complaint, above, as if fully set forth herein at length.

33. Denied. The allegations in this paragraph of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required,

SL1 638590v1/010155.00033

Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied. By way of further answer, John Hancock incorporates its answers to paragraphs 6, 8 and 9 of the Complaint, above, as if fully set forth herein at length.

## COUNT III

34. John Hancock incorporates by reference John Hancock's answers to paragraphs 1 through 33 of the Complaint, above, as if fully set forth at length.

35. Denied. John Hancock specifically denies that plaintiffs at any time conferred a benefit upon John Hancock. John Hancock specifically denies all allegations regarding John Hancock in this paragraph of the Complaint. John Hancock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint, which are, therefore, specifically denied. By way of further answer, John Hancock incorporates its answers to paragraphs 6, 8 and 9 of the Complaint, above, as if fully set forth herein at length.

36. Denied. It is specifically denied that John Hancock accepted or received any benefits allegedly conferred upon John Hancock by the plaintiffs. John Hancock specifically denies all allegations regarding John Hancock in this paragraph of he Complaint. John Hancock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint, which are, therefore, specifically denied. By way of further answer, John Hancock incorporates its answers to paragraphs 6, 8 and 9 of the Complaint, above, as if fully set forth herein at length.

37. Denied. John Hancock specifically denies all allegations regarding John Hancock in this paragraph of he Complaint. By way of further answer, the sums allegedly paid by the plaintiffs to John Hancock constituted the premium to pay for their Survivorship Variable

9

Estate Protection Life Insurance Policy, No. 20014007, and the sub-account investments made
there under by the plaintiffs. Had the plaintiffs who were insured died while the policy was in
effect, John Hancock would have been contractually obligated to pay the policy's $5 million death
benefit to the designated beneficiary pursuant to the terms of the policy. Accordingly, the
plaintiffs received the insurance protection for which they bargained and paid, thus receiving
value. Therefore, no undue or unreasonable benefit was received by John Hancock. In addition,
John Hancock incorporates its answers to paragraphs 6, 8 and 9 of the Complaint, above, as if
fully set forth herein at length. John Hancock is without knowledge or information sufficient to
form a belief as to the truth of the remaining allegations in this paragraph of the Complaint, which
are, therefore, specifically denied.

38. Denied. John Hancock specifically denies that John Hancock has been unjustly
enriched, that the plaintiffs are entitled to recover any amount from John Hancock, and that John
Hancock has any liability at all to the plaintiffs. John Hancock specifically denies all allegations
regarding John Hancock in this paragraph of he Complaint. The remaining allegations in this
paragraph of the Complaint constitute conclusions of law to which no response is required. To
the extent a response is required, John Hancock is without knowledge or information sufficient to
form a belief as to the allegations regarding Wezner and MetLife, which allegations are, therefore
specifically denied. By way of further answer, John Hancock incorporates its answers to
paragraphs 6, 8 and 9 of the Complaint, above, as if fully set forth herein at length.

## COUNT IV

39. John Hancock incorporates by reference John Hancock's answers to
paragraphs 1 through 38 of the Complaint, above, as if fully set forth at length.

SL1 638590v1/010155.00033

40. Denied. Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied.

41. Denied. The allegations in this paragraph of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied.

42. Denied. The allegations in this paragraph of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied.

### COUNT V

43. John Hancock incorporates by reference John Hancock's answers to paragraphs 1 through 42 of the Complaint, above, as if fully set forth at length.

44. Denied. Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, which are, therefore, specifically denied. Moreover, the allegations in this paragraph of the Complaint constitute conclusions of law to which no response is required.

45. Denied. The allegations in this paragraph of the Complaint constitute conclusions of law to which no response is required.

46. Denied. The allegations in this paragraph of the Complaint constitute conclusions of law to which no response is required.

47. Denied. The allegations in this paragraph of the Complaint constitute conclusions of law to which no response is required.

11

## COUNT VI

48. John Hancock incorporates by reference John Hancock's answers to paragraphs 1 through 47 of the Complaint, above, as if fully set forth at length.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## COUNT VII

54. John Hancock incorporates by reference John Hancock's answers to paragraphs 1 through 53 of the Complaint, above, as if fully set forth at length.

55. through 59. The allegations in these paragraphs of the Complaint are not directed at John Hancock and John Hancock is required to answer them. To the extent any response is required, Defendant John Hancock is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs of the Complaint, which are, therefore, specifically denied.

## COUNT VIII

60. John Hancock incorporates by reference John Hancock's answers to paragraphs 1 through 59 of the Complaint, above, as if fully set forth at length.

61. Denied. John Hancock specifically denies that John Hancock committed any misconduct or engaged in any wrongdoing. John Hancock further denies that plaintiffs are entitled to any remedies or relief from John Hancock. The remaining allegations in this paragraph of the Complaint constitute conclusions of law to which no response is required. To the extent a

SL1 638590v1/010155.00033

response is required, John Hancock specifically denies the allegations in this paragraph of the Complaint directed toward John Hancock.

_____

Any allegations in the Complaint not specifically admitted above by John Hancock are specifically denied.

_____

WHEREFORE, Defendant John Hancock demands that judgment be entered in favor of John Hancock and against the plaintiffs, that the Court dismiss plaintiffs' Complaint in its entirety, and that the Court award John Hancock reimbursement for its attorneys' fees, costs and expenses incurred in this action.

## AFFIRMATIVE DEFENSES OF JOHN HANCOCK

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Some or all of the claims alleged in plaintiffs' Complaint are barred in whole or in part by applicable statutes of limitation.

3. Some or all of plaintiffs' claims are barred in whole or in part by the Doctrines of Laches, Waiver, and/or Estoppel.

4. Some or all of plaintiffs' claims must be dismissed for lack of subject matter jurisdiction.

5. John Hancock Mutual Life Insurance Company no longer exists, is not a proper party in this action, the Court lacks jurisdiction over John Hancock Mutual Life Insurance Company, and, accordingly, the Complaint must be dismissed.

6. Defendant Richard Wezner was not an employee of John Hancock and was not an agent of John Hancock, actual or apparent, at any times material to this lawsuit.

13

7. Richard Wezner was not authorized to act on behalf of John Hancock at any times material to this lawsuit.

8. John Hancock did not engage in any unlawful nor wrongful conduct and John Hancock is not liable to plaintiffs in this matter.

9. Plaintiffs have no basis in fact or law for contending that John Hancock is vicariously liable for the alleged actions of Wezner.

10. Plaintiffs are not entitled to any relief or damages.

11. Plaintiffs are not entitled to punitive damages.

12. Plaintiffs are not entitled to punitive damages because no acts of John Hancock were taken with malice or reckless indifference.

13. Plaintiffs have suffered no damages or, in the alternative, any damages suffered by plaintiffs were not proximately caused by John Hancock.

14. Plaintiffs have failed and refused to mitigate their damages.

15. At the time of the issuance of John Hancock Policy No. 20014007, Richard Wezner was not an employee or agent of John Hancock.

16. At the time of the alleged Replacement transactions, Richard Wezner was not an employee, agent or broker of John Hancock and had no appointment or affiliation with John Hancock at all.

17. Richard Wezner was not an agent of John Hancock at any times material to this case under 18 Del. C. § 1702 (b).

WHEREFORE, Defendant John Hancock demands that judgment be entered in favor of John Hancock and against the plaintiffs, that the Court dismiss plaintiffs' Complaint in

14

its entirety, and that the Court award John Hancock reimbursement for its attorneys' fees, costs

and expenses incurred in this action.

Dated: June 1, 2006                STEVENS & LEE, P.C.

By  /s/

Joseph Grey ( No. 2358)
Thomas G. Whalen, Jr. (No. 4034)
1105 North Market Street, 7th Floor
Wilmington, DE  19801
Telephone:  (302) 654-5180
Facsimile:  302-654-5181
E-mails: jg@stevenslee.com
         tgw@stevenslee.com

- and –

William J. Payne (Admitted Pro Hac Vice)
STEVENS & LEE, P.C.
620 Freedom Business Center, Suite 200
P. O. Box 62330
King of Prussia, PA 19406

Attorneys for Defendant, John Hancock Variable Life
Insurance Company

SL1 638590v1/010155.00033

## <u>CERTIFICATE OF SERVICE</u>

This will certify that a true and correct copy of the foregoing Answer and

Affirmative Defenses of Defendant John Hancock was served upon the following counsel by

United States, first class mail, postage prepaid, on this 1st day of June, 2006, and was

electronically filed with the Clerk of the Court using the CM/ECF, which will send notification

of such filing to the following counsel, and the document is available for viewing and

downloading from CM/ECF.

David E. Wilks, Esquire
Reed Smith, LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Attorney for Plaintiffs

Paul A. Bradley, Esquire
McCarter & English, LLP
919 North Market Street, 18th Floor
Wilmington, DE 19899
Attorney for MetLife, Inc.

Denise Seastone Kraft, Esquire
Edwards Angell Palmer & Dodge LLP
919 N. Market St., 15th Floor
Wilmington, DE 19801
Attorney for Richard S. Wezner

Julia E. Green, Esquire
Mary Patricia Cormier, Esquire
Ki O, Esquire
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199
Attorneys for Richard S. Wezner

_____
Thomas G. Whalen, Jr.

Date: June 1, 2006