IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK BONK, as trustee of the Harry and and Patricia Bonk Irrevocable Trust, HARRY BONK and PATRICIA BONK, <br><br>Plaintiffs, <br><br>v. <br><br>RICHARD WEZNER, JOHN HANCOCK MUTUAL LIFE INSURANCE CO. and METLIFE, INC., <br><br>Defendants. | ) ) ) ) ) ) ) ) C.A. No. 06-285 (KAJ) ) ) ) ) ) ) ) |

**METLIFE, INC.'S REPLY BRIEF**
**IN SUPPORT OF ITS MOTION TO DISMISS**

McCARTER & ENGLISH, LLP

_/s/ William F. Taylor, Jr._
WILLIAM F. TAYLOR, JR. (DEL. 2936)
919 N. Market Street, 18th Floor
P.O. Box 111
Wilmington, DE 19899
(302) 984-6300
Attorney for Defendant
MetLife, Inc.

Dated: June 13, 2006

## TABLE OF CONTENTS

SUMMARY OF ARGUMENT ...................................................................................................1

ARGUMENT...................................................................................................................................2

    I.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE THERE IS NO SET OF FACTS THAT COULD BE PROVEN TO ESTABLISH THAT METLIFE, INC. IS VICARIOUSLY LIABLE FOR THE ACTIONS OF WEZNER.......................................................2

    II.    PLAINTIFF'S FIDUCIARY DUTY CLAIMS SHOULD BE DISMISSED. ................................................................................................................3

    III.    PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT SHOULD BE DISMISSED. ................................................................................................................5

CONCLUSION...................................................................................................................................7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*LaSalle National Bank v. Perelman*, 82 F. Supp. 2d 279 (D.Del. 2000) ............................ 5

*In re Plastic Cutlery Antitrust Litigation*, 1998 WL. 314655 (E.D.Pa. June 15, 1988) ............................................................................................................................ 2

## STATE CASES

*Corrado Brothers v. Twin City Fire Insurance Co.*, 562 A.2d 1188 (Del. 1989) ............... 4

*Crosse v. BCBSD, Inc.*, 836 A.2d 492 (Del. 2003) ............................................................ 4

*Mentis v. Delaware American Life Insurance Co.*, 1999 WL. 744430 (Del. Super.) ............................................................................................................................ 4

*O'Malley v. Boris*, 742 A.2d 845 (Del. 1999) .................................................................... 3

*Wal-Mart Stores, Inc. v. AIG Life Insurance Co.*, 872 A.2d 625 (Del. Ch. 2005) ........... 4,5

## FEDERAL STATUTES

*Fed. R. Civ. P.* 12(b)(6) ...................................................................................................... 2

## SUMMARY OF ARGUMENT

Plaintiffs' Answering Brief confirms that there is no connection between MetLife, Inc. (hereinafter "MetLife") and the alleged circumstances giving rise to plaintiffs' claims. The facts asserted in the Complaint concern insurance transactions between plaintiffs and other insurance companies. Plaintiffs have erroneously assumed that the insurance broker allegedly involved in those transactions – defendant Wezner – was an employee of MetLife, and the sole basis for asserting any claims against MetLife is that supposed employment relationship. However, as plaintiffs have tacitly admitted, Wezner was not, and is not, an employee of MetLife.

Even if Wezner was an employee of MetLife, which he was not, plaintiffs have failed to assert facts against MetLife upon which relief can be granted for breach fiduciary duty and unjust enrichment. There can be no dispute that an insurance company does not owe a fiduciary duty to an insured under Delaware law. Nor does Delaware law recognize a fiduciary duty on the part of an insurance broker to an insured except in extraordinary circumstances, which have not been plead here.

There is also no dispute that a claim for unjust enrichment requires an enrichment of the defendant, an impoverishment of the plaintiff, and a relationship between the two. Plaintiffs do not, and can not allege that MetLife received any benefit from plaintiffs. There is no allegation that MetLife issued a policy of insurance to plaintiffs, received payments from plaintiffs, nor otherwise received an enrichment from plaintiffs. Because plaintiffs cannot plead these essential facts, the complaint should be dismissed.

1

## ARGUMENT

I. **THE COMPLAINT SHOULD BE DISMISSED BECAUSE THERE IS NO SET OF FACTS THAT COULD BE PROVEN TO ESTABLISH THAT METLIFE, INC. IS VICARIOUSLY LIABLE FOR THE ACTIONS OF WEZNER**

Plaintiffs do not, and cannot, argue any set of facts to establish that Wezner was employed by MetLife.[1] Therefore, MetLife cannot be held liable under a theory of vicarious liability for the actions of Wezner as a matter of law.

The Court can and should consider not only the allegations of the Complaint, but also the other pleadings in the case when evaluating the merits of a motion to dismiss under *Fed. R. Civ. P.* 12(b)(6). *In re Plastic Cutlery Antitrust Litigation*, 1998 WL 314655, *3 (E.D.Pa. June 15, 1988) citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir 1994). By failing to come forward with facts sufficient to establish the alleged employer/employee relationship between MetLife and Wezner in response to the removal based upon fraudulent joinder, plaintiffs have tacitly admitted that Wezner is not an employee of MetLife.

MetLife removed this action to this Court based upon a theory of fraudulent joinder because Wezner is not and was not its employee. Without an employer/employee relationship between Wezner and MetLife, there is absolutely no connection between MetLife and this case, and no set of facts under which MetLife could be held liable for the claims asserted in the Complaint. Plaintiff did not challenge the fact that MetLife was fraudulently joined or the fact

---

[1] Plaintiffs' opposition to the motion to dismiss appears to be based, at least in part, upon the curious presumption that Metropolitan Life Insurance Company, which is not a named party, has voluntarily appeared in this case in lieu of MetLife, Inc. by virtue of MetLife, Inc.'s Notice of Removal. *See* Answering Brief at 8-9. According to plaintiff, MetLife, Inc., therefore, has no standing to make this motion to dismiss. *Id.* Plaintiffs have not presented any legal or factual support for this suggestion; nor is there any logical basis for it. On the contrary, the present motion to dismiss is the obvious next step for MetLife, Inc. to take to extricate itself from this action, which never should have included MetLife, Inc. as defendant to begin with.

that Wezner was never an employee of MetLife.   Stated otherwise, Wezner is not an employee of MetLife, and plaintiffs know it.  That is why they did not challenge the removal or the assertion that MetLife was fraudulently joined.

Aside from references to alleged good faith allegations of the Complaint, plaintiffs do not even now suggest that Wezner was an employee of MetLife.  Rather they suggest that they will be able to provide documents and information upon which they based these allegations during discovery.  *See* Answering Brief at p. 8.  However, because plaintiffs have tacitly admitted that Wezner is not an employee of MetLife, there is no set of facts upon which MetLife can be held liable, and the complaint against MetLife should be dismissed.  MetLife should not be subjected to the burden of discovery when it is clear from the pleadings that there is no set of facts upon which MetLife can be held liable in this action.

## II.   PLAINTIFF'S FIDUCIARY DUTY CLAIMS SHOULD BE DISMISSED.

Plaintiffs have not alleged any fact to establish the existence of any legal relationship between themselves and MetLife whatsoever, let alone a fiduciary relationship.  There is no allegation that MetLife issued a policy of insurance to any of the plaintiffs.  Even if MetLife had issued an insurance policy, however, no fiduciary duty would arise.  Delaware law is clear that there is no fiduciary duty between an insurer and its insured, either in the sale or administration of a policy.

Plaintiffs have not cited any authority whatsoever to support the imposition of a fiduciary duty between an insurer and an insured or even an insurance broker and an insured.  The only case that plaintiff cites in opposition to MetLife's motion to dismiss the fiduciary duty claim is *O'Malley v. Boris*, 742 A.2d 845 (Del. 1999).  However, *O'Malley* deals with the obligations of a <u>stock</u> broker.  The case says nothing of the duties owed by an insurance broker, let alone the duties of an insurance company.

3

Plaintiffs' suggestion that *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 872 A.2d 625 (Del. Ch. 2005) recognized the potential for fiduciary duty arising between an insurer and its insured is also wrong. Nowhere in that opinion did the court suggest that such a relationship could exist. On the contrary, it recognized that "the law is clear that the insurer/insured relationship is one of contract that does not give rise to a fiduciary relationship." *Id.* at 626. Indeed, the Supreme Court of Delaware has held that an insurance contract does not give rise to a fiduciary relationship because the interests of the insured and the interests of the insurer are not perfectly aligned. *Crosse v. BCBSD, Inc.*, 836 A.2d 492, 495 (Del. 2003). Rather, the relationship is purely contractual. *Id.* S*ee also Corrado Bros. v. Twin City Fire Ins. Co.*, 562 A.2d 1188, 1192 (Del. 1989) ("[t]he term fiduciary overstates the essential relationship arising out of a contract of insurance."); *Mentis v. Delaware American Life Ins. Co.*, 1999 WL 744430 (Del. Super.) (holding that an insurer does not owe a fiduciary duty to the insured in the sale of a life insurance policy).

The *Wal-Mart* court also recognized that there is no fiduciary duty owed by an insurance broker to an insured absent extraordinary circumstances, which must be specifically plead in order for a fiduciary duty claim to survive dismissal. "The court is mindful of the fact that normal business dealings (such as that of an insurance broker and client) can sometimes take on certain aspects of a fiduciary relationship, as, for example, *where the broker agrees to act as agent for the customer with power to bind the customer contractually.*" *Wal-Mart Stores, Inc.*, 872 A.2d at 627 (emphasis added). At the same time, the court noted that "[h]owever, neither inferences nor conclusions of fact unsupported by allegations of *specific fact* are accepted as true" in applying the 12(b)(6) standard. *Id.* at 619 (emphasis added). Accordingly, the court in *Wal-Mart* rejected the plaintiff's conclusory allegations that there was a relationship of trust and

4

confidence with the insurance brokers there. *Id.* at 627. Likewise, plaintiffs here have not plead any specific facts to establish the limited circumstances in which an insurance broker might conceivably be held to a fiduciary duty. Thus, plaintiffs' breach of fiduciary claim ought to be dismissed as against Wezner also.

The law of Delaware is clear that there is no fiduciary relationship between an insurer and its insureds. Therefore, plaintiffs' fiduciary duty claim as against MetLife should be dismissed. In addition, plaintiffs have not plead any facts that, if proven, would give rise to a fiduciary relationship between them and any broker or agent. For these reasons, plaintiffs' fiduciary duty claim should also be dismissed as against Wezner.

### III. PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT SHOULD BE DISMISSED.

Plaintiffs have not even plead all of the elements of a claim for unjust enrichment as against MetLife, let alone facts sufficient to establish those elements. There is no dispute that the elements of the cause of action include an enrichment and an impoverishment, as well as a relation between the enrichment and the impoverishment. *See LaSalle National Bank v. Perelman*, 82 F. Supp. 2d 279, 294-95 (D.Del. 2000). There are no facts alleged in the Complaint upon which to base a claim that MetLife was enriched at the expense of plaintiffs, and the mere conclusory allegation that such is the case is simply not sufficient to avoid dismissal under Rule 12(b)(6). *See Wal-Mart Stores, Inc.*, 872 A.2d at 619 ("neither inferences nor conclusions of fact unsupported by allegations of specific fact are accepted as true").

Although plaintiffs summarily state that they conferred a benefit upon MetLife, among others, by paying Wezner "substantial sums in commissions and premiums from the sale of the Replacement and Current Life Policies," no where in the complaint do plaintiffs allege that MetLife issued any policy of insurance for which premiums were paid. Nor do plaintiffs allege

5

that MetLife received any of the commissions or premiums allegedly paid to Wezner. Because plaintiffs have not plead facts establishing the essential elements of unjust enrichment as against MetLife, that cause of action should be dismissed.

## CONCLUSION

For all of the foregoing reasons, the complaint should be dismissed with prejudice as against MetLife in its entirety. Alternatively, Counts III and V of the complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

                                      McCARTER & ENGLISH, LLP

                                      WILLIAM F. TAYLOR, JR. (DEL. 2936)
                                      919 N. Market Street, 18th Floor
                                      Wilmington, DE  19899
                                      (302) 984-6300
                                      Attorney for Defendant
                                      MetLife, Inc.

Dated: June 13, 2006

ME1\5695627.01

## **CERTIFICATE OF SERVICE**

I, William F. Taylor Jr. undersigned counsel of record, hereby certify that on June 13, 2006, I caused a copy of the foregoing Defendant MetLife, Inc.'s Reply Brief in Support of Its Motion To Dismiss to be served on the following counsel by first class mail:

David E. Wilks, Esquire
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

Julie E. Green, Esq.
Mary Patricia Cormier, Esq.
Ki O, Esq.
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199

Denise Seastone Draft, Esq.
Edwards Angell Palmer & Dodge LLP
919 N. Market St., 15th Floor
Wilmington, DE 19801

Joseph Grey, Esq.
Thomas G. Whalen, Jr.
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801

/s/ William F. Taylor Jr.
William F. Taylor, Jr. (DE # 2936)

ME1\5697768.1