# EDWARDS ANGELL PALMER & DODGE LLP

919 North Market Street  Wilmington, DE  19801   302.777.7770   *fax* 302.777.7263   eapdlaw.com

Denise Seastone Kraft
302.425.7106
*fax* 888.325.9741
dkraft@EdwardsAngell.com

July 10, 2006

The Honorable Judge Kent A. Jordan
U.S. District Court for the
District of Delaware
Room 4209, Lockbox 10
844 North King Street
Wilmington, DE  19801

     Re:    *Mark Bonk, et al. v. Richard Wezner, et al.*

Dear Judge Jordan:

Enclosed for your Honor's review and use during the July 11, 2006 Rule 16 teleconference is the Defendants' proposed scheduling order.

The Defendants apologize for burdening the court with a separate proposed scheduling order in addition to the one submitted by Plaintiffs' counsel late on Friday, but the proposed scheduling order submitted by Plaintiffs' counsel did not clearly set forth the parties' positions on the areas of disagreement in the scheduling order.

Thank you for your consideration and we look forward to discussing this during tomorrows teleconference.

Respectfully,

Denise Seastone Kraft (Bar No. 2778)

DSK:rrj
Enclosure

cc:    Clerk (via Electronic Filing)
        All Counsel (via Electronic Filing)

WLM_505246_1/DKRAFT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK BONK, as trustee of the Harry and Patricia Bonk Irrevocable Trust, HARRY BONK and PATRICIA BONK, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-285-KAJ |
| RICHARD WEZNER, JOHN HANCOCK MUTUAL LIFE INSURANCE CO., and METLIFE, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## SCHEDULING ORDER

This ___ day of _____, 200_, the Court having conducted an initial

Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on July 11, 2006,

and the parties having determined after discussion that the matter cannot be resolved at this

juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant

to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order.  If they

have not already done so, the parties are to review the Court's Default Standard for Discovery of

Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies

& Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by

reference.

2.    Joinder of other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before September 15, 2006.

3.    Discovery

a.    Limitation on Hours for Deposition Discovery. Each side is limited to a total of [**Plaintiffs' Proposal: 42 hours total for the Plaintiffs' side and 42 hours total for the Defendants' side; Defendants' Proposal: 42 hours total for the Plaintiffs' side and 42 hours for each Defendant**] of taking testimony by deposition upon oral examination.

b.    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c.    Discovery Cut Off. All [**Defendants' Proposal: insert the word "non-expert" here so that the meaning is clear in conjunction with paragraph 3(d) below.**] discovery in this case shall be initiated so that it will be completed on or before March 30, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d.    Disclosure of Expert Testimony. Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety days before the date of the completion of discovery; and they shall

file a supplemental disclosure to contradict or rebut evidence on the same subject matter

identified by another party sixty days before the date for the completion of discovery.

**[Plaintiffs' Proposal: keep the above standard language; Defendants' Proposal: substitute**

**the following procedure for the above standard language "The Plaintiffs' expert report is**

**due April 30, 2007, each of the Defendants' expert reports are due May 31, 2007 and the**

**discovery of all experts is to be completed by June 30, 2007]**; To the extent any objection to

expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow*

*Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for

dispositive motions set forth herein, unless otherwise ordered by the Court.

      e.     <u>Discovery Disputes</u>.  Should counsel find they are unable to resolve a

discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to

schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the

party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the

issues in dispute and its position on those issues.  (The Court does not seek extensive argument

or authorities at this point; it seeks simply a statement of the issue to be addressed and or

summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior

to the conference, any party opposing the application for relief may file a letter, not to exceed

three pages, outlining that party's reasons for its opposition.  Should the Court find further

briefing necessary upon conclusion of the telephone conference, the Court will order it.  Disputes

over protective orders are to be addressed in the first instance in accordance with this paragraph.

      4.     <u>Application to Court for Protective Order</u>.  Should counsel find it will be

necessary to apply to the Court for a protective order specifying terms and conditions for the

disclosure of confidential information, counsel should confer and attempt to reach an agreement

WLM_505243_1/DKRAFT

on a proposed form of order and submit it to the Court within ten days from the date of this

Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel

must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the
> disclosure of information in this case, the Court does not intend to
> preclude another court from finding that information may be
> relevant and subject to disclosure in another case. Any person or
> party subject to this order who becomes subject to a motion to
> disclose another party's information designated "confidential"
> pursuant to this order shall promptly notify that party of the motion
> so that the party may have an opportunity to appear and be heard
> on whether that information should be disclosed.

5.     Papers Filed Under Seal. When filing papers under seal, counsel should deliver to

the Clerk an original and one copy of the papers.

6.     Settlement Conference. Pursuant to 28 U.S.C. § 636, this matter is referred to the

United States Magistrate for the purpose of exploring the possibility of a settlement. The

Magistrate Judge will schedule a settlement conference with counsel and their clients to be held

within ninety days from the date of this Order.

7.     Interim Status Report. On _____, 200_, **[Plaintiffs' Proposal: no**

**date given; Defendants' Proposal: Defendants can be ready to submit by January 10, 2007]**

counsel shall submit a letter to the Court with an interim report on the nature of the matters in

issue and the progress of discovery to date.

8.     Status Conference. On _____, 200_, **[Plaintiffs' Proposal: no date**

**given; Defendants' Proposal: Defendants can be ready by April 2, 2007]** the Court will hold

a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at _____.m..

Plaintiff's counsel shall initiate the telephone call. If all parties agree that there is nothing to

WLM_505243_1/DKRAFT

report, nor anything to add to the interim status report or to this order, they may so notify the

Court in writing before the conference is scheduled to occur, and the conference will be taken off

of the Court's calendar.

9.     Case Dispositive Motions. All case dispositive motions, an opening brief, and

affidavits, if any, in support of the motion shall be served and filed on or before

_____, 200_ [Plaintiffs' Proposal:  no date given; Defendants' Proposal:

Defendants can be ready by August 15, 2007]. Briefing will be presented pursuant to the

Court's Local Rules.

10.    Applications by Motion. Except as otherwise specified herein, any application to

the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the

Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-

dispositive motion should contain the statement required by Local Rule 7.1.1.

11.    Pretrial Conference. On _____, 200_, the Court will hold a Final

Pretrial Conference in Chambers with counsel beginning at ___.m. Unless otherwise ordered by

the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure

requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the

joint proposed final pretrial order with the information required by the form of Final Pretrial

Order which accompanies this Scheduling Order on or before _____, 200_.

[Defendants' Proposal:  Defendants ask that the Pretrial Conference be stayed pending the

Court's decision on dispositive motions].

12.    Motions in Limine. Motions *in limine* shall not be separately filed. All in limine

requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall

be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine*

request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

14.    <u>Trial</u>. This matter is scheduled for a ___ day ____ trial beginning at 9:30 a.m. on _____, 200_. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of _____ hours to present their case. **[Defendants' Proposal: Defendants ask that the Trial be stayed pending the Court's decision on dispositive motions]**.

_____

UNITED STATES DISTRICT JUDGE