# EDWARDS ANGELL PALMER & DODGE LLP

919 North Market Street  Wilmington, DE  19801  302.777.7770  *fax* 302.777.7263  eapdlaw.com

Denise Seastone Kraft
302.425.7106
*fax* 888.325.9741
dkraft@EdwardsAngell.com

August 24, 2006

The Honorable Judge Kent A. Jordan
U.S. District Court for the
District of Delaware
Room 4209, Lockbox 10
844 North King Street
Wilmington, DE  19801

      Re:   *Mark Bonk, et al. v. Richard Wezner, et al.*
              C.A. No. 06-CV-00285 (KAJ)

Dear Judge Jordan:

      Attached is a courtesy copy of the letter filed with the Court on August 23, 2006 with Exhibit A which was erroneously excluded from the filing. I apologize for any inconvenience to the Court.

Respectfully,

*/s/ Denise S. Kraft*
Denise Seastone Kraft (Bar No. 2778)

DSK:rrj
Enclosure

cc:   Clerk (via Electronic Filing)
       All Counsel (via Electronic Filing)

WLM_505795_1/DKRAFT

BOSTON | FT. LAUDERDALE | HARTFORD | NEW YORK | PROVIDENCE | SHORT HILLS | STAMFORD | WEST PALM BEACH | WILMINGTON | LONDON

# EDWARDS ANGELL PALMER & DODGE LLP

919 North Market Street   Wilmington, DE 19801   302.777.7770   *fax* 302.777.7263   eapdlaw.com

Denise Seastone Kraft
302.425.7106
*fax* 888.325.9741
dkraft@EdwardsAngell.com

August 23, 2006

The Honorable Judge Kent A. Jordan
U.S. District Court for the
District of Delaware
Room 4209, Lockbox 10
844 North King Street
Wilmington, DE 19801

   Re: *Mark Bonk, et al. v. Richard Wezner, et al.*
     C.A. No. 06-CV-00285 (KAJ)

Dear Judge Jordan:

On behalf of defendant Richard S. Wezner ("Mr. Wezner"), we respectfully move this Court for a protective order that will prohibit the taking of any discovery of Mr. Wezner pending further order of this Court. The discovery cut-off under the Scheduling Order is June 1, 2007. Discovery requests have been served on Mr. Wezner by plaintiffs and a response is due by August 25, 2006. In addition, defendant John Hancock Mutual Life Insurance Co. also served discovery requests on Mr. Wezner and responses to those requests are due on September 5, 2006. We have consulted with counsel for all other parties pursuant to paragraph 3(e) of the Scheduling Order but were unable to reach agreement on this issue. A teleconference to discuss this matter with the Court and counsel is scheduled for August 28, 2006 at 10:30 am.

The grounds for this motion arise from Mr. Wezner's severe psychological and emotional conditions, as detailed in the accompanying affidavit of his psychiatrist. See Affidavit of Dr. R. Hallock Williams, attached as Exhibit A. As a result of Mr. Wezner's psychological and emotional conditions, Dr. Williams has concluded that Mr. Wezner is unable to provide reliable testimony at this time. See Exhibit A at ¶ 7. Further, given the particular psychological problems Mr. Wezner is experiencing, Dr. Williams has also concluded that participating in the legal process will be harmful to Mr. Wezner at this time. Id. at ¶ 9.

Mr. Wezner has been diagnosed with severe psychological and emotional problems. Exhibit A at ¶ 4. Those conditions currently include bipolar disorder (depressed, non-psychotic), generalized anxiety disorder, and panic disorder, along with associated social phobias and obsessions. Id. Mr. Wezner's bipolar disorder causes him to suffer from a depressed mood, suicidal ideation, and migraine headaches. Id. at ¶ 5. Associated with Mr. Wezner's generalized anxiety disorder and panic disorder is the fact that he experiences terrors and racing thoughts. Id. at ¶ 4. Mr. Wezner's social phobias and extreme anxiety in any social setting, in combination with his other psychological problems, have become so acute that he has been forced to limit his

WLM_505719_2/DKRAFT

BOSTON | FT. LAUDERDALE | HARTFORD | NEW YORK | PROVIDENCE | SHORT HILLS | STAMFORD | WEST PALM BEACH | WILMINGTON | LONDON

EDWARDS ANGELL PALMER & DODGE LLP

The Honorable Judge Kent A. Jordan
August 23, 2006
Page 2

time with his wife and children. Id. at ¶ 8. Mr. Wezner continues to suffer from these psychological and emotional problems despite currently being prescribed three mood stabilizing and two anti-psychotic medications. Id. at ¶ 6. Mr. Wezner is scheduled to enter an outpatient program on September 16, 2006 to seek intensive treatment for his bipolar disorder. Id. at ¶ 10.

Mr. Wezner's psychological conditions have been exacerbated by this litigation in which the complaint alleges serious claims of fraud, negligent misrepresentation, unjust enrichment, conversion, and breach of fiduciary duty. The severity of Mr. Wezner's psychological and emotional problems has caused his psychiatrist to specifically conclude with reference to this litigation that:

(i) Mr. Wezner is forgetful, easily bewildered, in a severe level of distress, and any testimony that Mr. Wezner were to provide at this time would be unreliable;
(ii) the act of giving testimony by Mr. Wezner, whether by way of deposition or otherwise, would be psychologically harmful to Mr. Wezner at this time.

Id. at ¶ 7, 8.

We recognize both the unusual nature of this request and the fact that the plaintiffs are entitled to have their claims heard. However, given Mr. Wezner's medical condition and limitations as articulated by his doctor in the attached affidavit, we must now ask the Court for intervention and it is within the power of this Court to fashion an appropriate order that will protect the interests of all parties, including Mr. Wezner.

Federal Rule of Civil Procedure 26(c) grants the Court authority to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." For example, many Courts have granted a protective order where a deponent's health would be jeopardized or worsened by appearing for a deposition. See e.g., Frideres v. Schiltz, 150 F.R.D. 153 (S.D. Iowa 1993) (granting protective order based on testimony of medical doctors that witness' health would be jeopardized); In re Tutu Wells Contamination CERCLA Litig., 189 F.R.D. 153 (D.V.I. 1999) (granting protective order prohibiting deposition of an ill witness). See also U.S. v. Mariani, 178 F.R.D. 447, 448 (M.D. Pa. 1998) (granting a protective order prohibiting a deposition of an ill witness); Schorr v. Briarwood Estates Ltd. Partnership, 178 F.R.D. 488 (D. Ohio 1998) (placing restrictions on the deposition of plaintiff, who claimed to be suffering from Post Traumatic Stress Disorder, because of the danger to plaintiff's health).

EDWARDS ANGELL PALMER & DODGE LLP

The Honorable Judge Kent A. Jordan
August 23, 2006
Page 3

In this case, Mr. Wezner's severe psychological and emotional problems merit the issuance of a protective order. The severity of Mr. Wezner's psychological and emotional problems has caused his psychiatrist to specifically conclude that:

(i) Mr. Wezner is forgetful, easily bewildered, in a severe level of distress, and any testimony that Mr. Wezner were to provide at this time would be unreliable;

(ii) the act of giving testimony by Mr Wezner, whether by way of deposition or otherwise, would be psychologically harmful to Mr. Wezner at this time.

The aforestated potential for harm is exactly the type of "undue burden" that Rule 26(c) contemplates with respect to limiting discovery. Mr. Wezner should not be forced to defend this action under such conditions. It is in the interest of all parties that discovery of Mr. Wezner is taken at a time when his testimony will be reliable. While such a date cannot be predicted with certainty, the Court, if it is so inclined, could fashion a protective order pursuant to which the Court could be updated on Mr. Wezner's status. The issuance of such a protective order will serve the interests of justice and will protect the psychological interest of a party before the Court. Accordingly, we respectfully request that this Court issue a protective order prohibiting the taking of any discovery of Mr. Wezner pending further order of this Court.

Respectfully,

Denise Seastone Kraft (Bar No. 2778)

DSK:rrj
Enclosure

cc:   Clerk (via Electronic Filing)
      All Counsel (via Electronic Filing)

WLM_505719_2/DKRAFT

**Other Documents**

1:06-cv-00285-KAJ Bonk et al v. Wezner et al

# U.S. District Court

## District of Delaware

Notice of Electronic Filing

The following transaction was received from Kraft, Denise entered on 8/23/2006 at 3:51 PM EDT and filed on 8/23/2006
**Case Name:**      Bonk et al v. Wezner et al
**Case Number:**    1:06-cv-285
**Filer:**
**Document Number:** 44

**Docket Text:**
Letter to The Honorable Judge Kent A. Jordan from Denise Seastone Kraft regarding Protective Order Prohibiting Discovery of Defendant. (Kraft, Denise)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=8/23/2006] [FileNumber=262859-0]
[b39deadb12f72575b118e35c4e95d969e73e6b27f02fd104b9404d3684414fd1ec15
f69c74be20a2d2d5ce5b5cf86b24d65be5660a078dac31702994dc9c43bd]]

**1:06-cv-285 Notice will be electronically mailed to:**

Joseph Grey     jg@stevenslee.com

Denise Seastone Kraft    dkraft@eapdlaw.com

William F. Taylor , Jr    wtaylor@mccarter.com,

John J. Tumilty    jtumilty@eapdlaw.com

Thomas Gerard Whalen , Jr    tgw@stevenslee.com,

David E. Wilks    dwilks@reedsmith.com

**1:06-cv-285 Notice will be delivered by other means to:**

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK BONK, as trustee of the Harry and )
Patricia Bonk Irrevocable Trust, HARRY )
BONK and PATRICIA BONK, )
                               Plaintiffs, )
                                      ) C.A. No. 06-CV-00285 (KAJ)
                      v. )

RICHARD WEZNER, JOHN HANCOCK )
MUTUAL LIFE INSURANCE CO. and )
METLIFE, INC., )
                              Defendants. )

## AFFIDAVIT OF DR. R. HALLOCK WILLIAMS

I, R. Hallock Williams, M.D., hereby state and depose as follows:

1. I am a medical doctor licensed to practice in Pennsylvania. I have been licensed to practice medicine in Pennsylvania since 1962.

2. I became a Board Certified psychiatrist in 1969.

3. Richard S. Wezner is a patient of mine. I have been treating Richard S. Wezner since approximately July 7, 2004.

4. Currently Mr. Wezner has severe psychological and emotional problems, including generalized anxiety disorder and panic disorder, along with associated social phobias and obsessions. In connection with these conditions Mr. Wezner currently experiences terrors and racing thoughts.

5. Mr Wezner further suffers from bipolar disorder (depressed, non-psychotic) leading to a depressed mood, suicidal ideation, and migraine headaches.

6. Mr. Wezner continues to suffer from these psychological and emotional problems despite currently being prescribed three mood stabilizing and two anti-psychotic medications.

7. As a result of his current medical and psychological conditions, Mr. Wezner is forgetful, easily bewildered, and in a severe level of distress. Accordingly, it is my opinion that any testimony that Mr. Wezner were to provide at this time would be unreliable.

8. Also, as a result of his current psychological and emotional problems, Mr. Wezner experiences extreme anxiety in all social situations, even the time he spends with his wife and children, which time he has been forced to limit because of his current condition.

9. It is my professional opinion, based on my training, experience, and ongoing treatment of Mr. Wezner, that the act of giving testimony by Mr Wezner, whether by way of deposition or otherwise, would be psychologically harmful to Mr. Wezner at this time.

10. Mr. Wezner is scheduled to enter an outpatient program on September 16, 2006 to seek intensive treatment for his bipolar disorder.

11. While bipolar disorder will be an ongoing condition for Mr. Wezner and a date certain cannot be predicted on which his overall condition will improve, it is hoped that with continued treatment and stabilization of his medications Mr. Wezner's condition will improve in the next six to twelve months such that he would be able to provide reliable testimony and participate in the legal process without his suffering additional psychologically harm.

Signed under the pains and penalties of perjury this 14 day of August, 2006

_R Hallock Williams MD_
R. Hallock Williams, M.D.