# ReedSmith

**David E. Wilks**
Direct Phone: 302.778.7560
Email: dwilks@reedsmith.com

Reed Smith LLP
1201 Market Street
Suite 1500
Wilmington, DE 19801-1163
302.778.7500
Fax 302.778.7575

August 24, 2006

**Via Electronic Filing and Hand Delivery**

The Honorable Kent A. Jordan
U.S. District Court, District of Delaware
844 North King Street, Room 4209
Lock Box 18
Wilmington, DE 19801

   Re: **Mark Bonk, et al. v. Richard Wezner, et al., Civil Action No. 06-285-KAJ**

Dear Judge Jordan:

      On behalf of plaintiffs, and in anticipation of the telephone conference with the Court scheduled for August 28, 2006 at 10:30 a.m., I write in opposition to defendant Richard Wezner's request that all discovery directed to him be stayed indefinitely on the grounds of Mr. Wezner's purported "psychological and emotional problems." For the reasons stated below, the scant "evidence" proffered by Mr. Wezner on the very eve of the date on which his discovery responses were due falls woefully short of justifying the extreme relief he seeks – i.e., effectively ending this litigation before it begins and depriving plaintiffs of any consideration of the merits of their claims.[1] Nonetheless, to the extent the Court is willing to entertain a temporary stay of discovery, it should do so only after an independent psychological examination confirms Mr. Wezner's mental state. Accordingly, plaintiffs move in the alternative pursuant to Federal Rule of Civil Procedure 35(a) for an order compelling Mr. Wezner to submit to a mental examination at a time and place to be set by the Court.[2]

---

[1] This is not the first time Mr. Wezner has attempted to stay discovery to avoid adjudication of claims against him. In *Simeone v. Wezner, et al.*, C.A. No. 05C-12-133-JRJ (Del. Super.), a similar action brought by elderly plaintiffs who likewise were defrauded by Mr. Wezner, the Delaware Superior Court denied Mr. Wezner's motion to stay discovery on the grounds that answering interrogatories and requests for production of documents would violate Mr. Wezner's Fifth Amendment rights in light of a pending investigation by the U.S. Attorney's Office. Having failed once already, Mr. Wezner is again seeking a stay of *Simeone* based on the same claims of mental illness being advanced here.

[2] Pursuant to Local Rule 7.1.1, counsel for plaintiffs requested that Mr. Wezner submit voluntarily to a mental examination, but that request has gone unanswered.

NEW YORK ♦ LONDON ♦ LOS ANGELES ♦ PARIS ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND
MUNICH ♦ PRINCETON ♦ FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ LEESBURG
reedsmith.com

WILLIB-49960.1-DEWILKS 8/24/06 12:09 PM

The Honorable Kent A. Jordan
August 24, 2006
Page 2

ReedSmith

     Mr. Wezner's request for a stay is supported only by a two-page affidavit from Dr. R. Hallock Williams, who states that he has treated Mr. Wezner since July 2004. The affidavit provides virtually no information concerning Dr. Williams' credentials or experience and omits any details of Dr. Williams' examination of Mr. Wezner, including but not limited to how often or the conditions under which Mr. Wezner has been examined. In short, Dr. Williams provides no support for his opinions that Mr. Wezner's testimony "would be unreliable" and that "the act of giving testimony by Mr. Wezner, whether by way of deposition or otherwise, would be psychologically harmful to Mr. Wezner at this time." Williams Aff. ¶ 7, 9. These opinions, submitted by Mr. Wezner's personal psychiatrist and untested by cross-examination, cannot alone form the basis for staying discovery indefinitely.

     This is especially true here, where plaintiffs are elderly – a fact which led Mr. Wezner to prey upon them in the first place – and do not have the luxury of waiting an indeterminate period of time to recover from the extreme losses they suffered as a result of the defendants' fraud and other misconduct. Significantly, none of the opinions cited in Ms. Kraft's letter provide precedent for staying *all* discovery based on a party's illness or mental condition. In each case, the court only imposed limitations on depositions being taken of infirm witnesses – and in three of the cases, the deponents were third parties. *See Frideres v. Schiltz*, 150 F.R.D. 153 (S.D. Iowa 1993); *In re Tutu Wells Contamination CERCLA Litig.*, 189 F.R.D. 153 (D.V.I. 1999); *U.S. v. Mariani*, 178 F.R.D. 447 (M.D. Pa. 1998). In *Frideres*, the court entered a protective order quashing the deposition of a third party witness, but did so subject to the condition that the doctors opining that the witness was too unhealthy to testify were required to submit to depositions and produce the witness's medical records. *See* 150 F.R.D. at 157. The *Frideres* court refused to enter a protective order based solely on affidavits submitted by the witness's treating physicians, stating that "[i]n granting a ... protective order prohibiting a deposition, the Court may not abdicate its responsibility by unquestionably accepting a doctor's summary opinions. The opposing party has a right for itself and on behalf of the Court to examine the matter in more detail." *Id.* at 156-57 (quoting *Medlin v. Andrew*, 113 F.R.D. 650, 652-53 (M.D.N.C. 1987)). Therefore, Mr. Wezner's own authorities preclude granting the relief he seeks based solely on Dr. Williams's affidavit.

     Accordingly, in the event Your Honor entertains Mr. Wezner's request, an independent psychological exam of Mr. Wezner is appropriate pursuant to Rule 35(a), which provides that "[w]hen the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner." Where, as here, a party has placed his own mental condition in controversy, courts have not hesitated to grant an examination pursuant to Rule 35. *See, e.g., Simpson v. University of Colorado*, 220 F.R.D. 354 (D. Colo. 2004); *Greenhorn v. Marriott Int'l, Inc.*, 216 F.R.D. 649 (D. Kan. 2003); *Gattegno v. PricewaterhouseCoopers, LLP*, 204 F.R.D. 228 (D. Conn. 2001). Moreover, if a stay of discovery truly is in Mr. Wezner's best interests, then he should have no opposition to submitting to an independent examination of his mental condition that presumably would confirm the unreliability of his testimony or the potentially harmful effects of discovery. The fact that Mr. Wezner has not agreed to such an examination should give the Court pause concerning his true motives in seeking a stay only a few days before discovery responses were due.

     Quite simply, Mr. Wezner has not met his burden by submitting Dr. Williams's affidavit and, as a result, Mr. Wezner's motion should be denied. In the event the Court entertains the possibility of entering a protective order, such relief should be expressly conditioned upon Mr. Wezner's submission

The Honorable Kent A. Jordan
August 24, 2006
Page 3

ReedSmith

to an independent psychological exam to determine whether conducting discovery of Mr. Wezner would, in fact, be harmful to his mental condition.

> Respectfully submitted,
>
> REED SMITH LLP
>
> *David E. Wilks*
>
> David E. Wilks
> (Del. ID. No. 2793)

DEW:rs

cc:   District Court Clerk (via Electronic Filing)
      All Counsel (via Electronic Filing)