# STEVENS & LEE

### LAWYERS & CONSULTANTS

620 Freedom Business Center
Suite 200
P. O. Box 62330
King of Prussia, PA 19406
(610) 205-6000  Fax (610) 337-4374
www.stevenslee.com

Direct Dial:    (610) 205-6041
Email:    wjp@stevenslee.com
Direct Fax:    (610) 371-7987

August 24, 2006

The Honorable Judge Kent A. Jordan
United States District Court
District of Delaware
Room 4209, Lockbox 10
844 North King Street
Wilmington, DE  19801

Re:  *Mark Bonk, et al. v. Richard Wezner, John Hancock Mutual Life Insurance Company, and MetLife*
Civil Action No. 06-CV-00285 (KAJ)

Dear Judge Jordan:

     We represent defendant John Hancock Variable Life Insurance Company (improperly named "John Hancock Mutual Life Insurance Company" in the Complaint) in the above-referenced matter.  This is in response to the letter to you dated August 23, 2006, from Denise Kraft, Esq., the attorney for Richard Wezner.

     In her letter, defendant Wezner's attorney states that she recognizes "both the unusual nature of this request and the fact that the plaintiffs are entitled to have their claims heard."  Ms. Kraft cites certain cases, all of which are distinguishable from the present controversy and do not support directly the granting of a protective order in the circumstances alleged by defendant Wezner in this matter.

     Plaintiffs' attorney, David Wilks, has requested in his letter to the Court dated today, as his alternative argument, that the Court issue an order under Federal Rule of Civil Procedure 35(a) requiring Mr. Wezner to submit to an independent psychological examination, presumably a psychiatrist, to evaluate and comment on his mental condition.  John Hancock agrees that in the circumstances of this unusual motion, the Court should require Mr. Wezner to undergo an independent medical examination to evaluate and determine the extent and nature of

Philadelphia  •  Reading  •  Valley Forge  •  Lehigh Valley  •  Harrisburg  •  Lancaster  •  Scranton
Williamsport  •  Wilkes-Barre  •  Princeton  •  Cherry Hill  •  New York  •  Wilmington

A PROFESSIONAL CORPORATION

SL1 660533v1/010155.00033

# STEVENS & LEE
### LAWYERS & CONSULTANTS

The Honorable Judge Kent A. Jordan
August 24, 2006
Page 2

his alleged psychological and emotional problems and their impact on his ability to participate in discovery in this matter.

  Mr. Wezner is the key defendant in this matter and the main target of the Plaintiffs' complaint. Almost all the allegations in the complaint are directed against Mr. Wezner, contending that he engaged in fraud and other misconduct, resulting in damage to the Plaintiffs. The Plaintiffs' allegations against John Hancock are recited primarily in Count VI of the Complaint, alleging that John Hancock is liable vicariously for Mr. Wezner's alleged misconduct. John Hancock's primary defense in this case is that Mr. Wezner did not have an employment or agency relationship with John Hancock at any times material to this matter. Thus, John Hancock has denied in its Answer that Mr. Wezner was ever an employee or agent, actual or apparent, of John Hancock at any material times. John Hancock further denies that Mr. Wezner was authorized to act on behalf of John Hancock at any times material to this lawsuit. Consistent with John Hancock's position, Mr. Wezner denies in his Answer that he was employed by John Hancock (paragraphs 9 and 49 of Wezner's Answer to Plaintiffs' Complaint) and also denies that he was authorized by John Hancock to sell life insurance policies, including the Replacement Life Policies, when the conduct alleged in the Complaint occurred (paragraph 50 of Wezner's Answer to Plaintiffs' Complaint). In addition, Mr. Wezner denies that his alleged conduct occurred within the scope of his alleged employment with John Hancock and denies that John Hancock is jointly and severally liable for any damages resulting from Mr. Wezner's alleged malfeasance (paragraph 53 of Wezner's answer to Plaintiffs' Complaint).

  In view of the allegations in the Complaint, Mr. Wezner is central to John Hancock's defenses in this litigation, and his participation in this litigation is critical to all of the parties. Because of the undisputed importance of Mr. Wezner in this case, John Hancock agrees with Plaintiffs' alternative position that the Court should issue an order under Federal Rule of Civil Procedure 35(a) requiring Mr. Wezner to submit to an appropriate independent psychiatric examination, at Plaintiffs' expense. Furthermore, John Hancock opposes defendant Wezner's request for a protective order, unless all discovery is stayed for all the parties in this matter. As discussed, Mr. Wezner is the key defendant in this litigation. John Hancock plans to file a motion for summary judgment based, in part, on Mr. Wezner's Answer, the information and documents sought by John Hancock that will be supplied by Mr. Wezner in discovery, and his deposition testimony. John Hancock intends to schedule Mr. Wezner's deposition early in discovery. Based on his deposition testimony, and the denials in his Answer regarding any employment or agency relationship with John Hancock, it probably will not be necessary for John Hancock to take depositions of the Plaintiffs or MetLife. Continuing discovery in this matter without the participation of Mr. Wezner, including his deposition testimony, information and documents, will waste John Hancock's time and resources and protract unnecessarily John Hancock's involvement in this case. Moreover, John Hancock will need information, documents

# STEVENS & LEE
## LAWYERS & CONSULTANTS

The Honorable Judge Kent A. Jordan
August 24, 2006
Page 3

and deposition testimony from Mr. Wezner to prepare to take the depositions, if any are necessary, of Plaintiffs and representatives of Met Life, and to prepare for any depositions of John Hancock's representatives. It is simply not feasible, productive, or economical to conduct any discovery in this lawsuit without the full participation and attendance of Mr. Wezner. In addition, when Mr. Wezner rejoins this litigation, the parties would be required to prepare for and attend numerous depositions for a second time. Therefore, if the Court grants Mr. Wezner's motion for a protective order, John Hancock requests, pursuant to Rule 26 of the Federal Rules of Civil Procedure, that the Court stay all discovery for all parties in this matter pending further order of the Court.

In analogous circumstances, the United States District Court for the Eastern District of Pennsylvania has granted this relief to the other parties, where a critical defendant could not participate in discovery, *Great Western Funding, Inc. v Mendelson*, 159 B.R. 450, 1993 U.S. Dist LEXIS 13790 (E.D. Pa. 1993). In *Great Western*, two defendants moved for a protective order staying all proceedings pending conclusion of proceedings in the United States Bankruptcy Court involving another defendant, Cooper Hospital. The automatic stay in the Bankruptcy Court prevented the moving defendants from conducting discovery from Cooper Hospital in the District Court case. The District Court stayed all proceedings in that matter until the Bankruptcy Court case concluded and Cooper Hospital was released from the automatic stay. The Court decided that the moving defendants would be "restricted in their ability to defend against plaintiffs' claims without the participation of Defendant Cooper Hospital," that the Protective Order would not prejudice the plaintiffs, and that all parties would be "burdened with additional expense if required to proceed without the participation of Defendant Cooper Hospital." 1993 U.S. Dist. LEXIS at *5-*7. As the Court also noted as a reason for granting the Protective Order, relevant here, "Whenever Defendant Cooper Hospital rejoins this suit, the Board Defendants and Law Firm Defendants would be required to prepare for and attend numerous depositions for a second time." 1993 U.S. Dist. LEXIS at *7. The same conclusions are warranted here if the Court grants a stay of discovery for Mr. Wezner. In response to one of Plaintiffs' points, while the individual plaintiffs may be elderly, the Plaintiff Trust, not the individual Plaintiffs, was the owner of the John Hancock policy referred to in the Complaint, and the Trust would not be prejudiced or harmed by a stay and the passage of time.

Accordingly, John Hancock agrees with Plaintiff's position that the Court should order an independent medical examination under Federal Rule of Civil Procedure 35(a), at Plaintiffs' expense. In addition, if the Court grants defendant Wezner's motion for a stay of discovery for him, John Hancock requests that the Court issue an order staying discovery for all parties, pending further order of this Court.

# STEVENS & LEE
## LAWYERS & CONSULTANTS

The Honorable Judge Kent A. Jordan
August 24, 2006
Page 4

Thank you for your consideration.

Respectfully yours,

STEVENS & LEE

*William J. Payne* by *[signature]*

William J. Payne

WJP/TGW:dlh
cc: Clerk of Court of the District of Delaware (via electronic filing)
    All Counsel (via electronic filing)