ROBERT P. LESKO

ph. (973) 639-7931  fx. (973) 624-7070

rlesko@mccarter.com

August 25, 2006



Four Gateway Center
100 Mulberry Street,
Newark, NJ 07102-4056

**VIA ELECTRONIC FILING**

The Honorable Kent A. Jordan
U.S. District Court, District of Delaware
844 North King Street, Rm. 4209
Lock Box 18
Wilmington, DE  19801

Re:   Mark Bonk et al. v. Richard Wezner, et al., Civ. Action No. 06-285-KAJ

Dear Judge Jordan:

This Firm represents the Defendant, MetLife, Inc. in this matter.  We write in response to Ms. Seastone Kraft's letter dated August 23, 2006 seeking a stay of discovery as against defendant, Richard Wezner.

While the Court certainly has discretion to stay discovery pursuant to *Fed. R. Civ. P.* 26(c) in appropriate circumstances, no stay should be granted where the stay will unduly prejudice another party.  *Weiss v. Lee Wards Creative Crafts*, 1992 WL 65410 (Del.Ch., March 30, 1992).  If the Court stays discovery with respect to defendant Wezner, the Court should also stay discovery with respect to all parties, including MetLife, Inc.

The Court should balance the hardship of discovery against the parties' needs for trial preparedness in deciding whether a stay is appropriate.  *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985).  If the Court grants the stay as to Mr. Wezner only, MetLife, Inc. will be unable to prepare its defenses for trial.

The sole basis for plaintiffs' claims against MetLife, Inc. is its alleged vicarious liability for the alleged conduct of Mr. Wezner, as his alleged employer.  Mr. Wezner was not an employee of MetLife, Inc., and MetLife, Inc. should therefore be dismissed form the action, as more fully set forth in MetLife, Inc.'s motion to dismiss the complaint, which is currently pending before Your Honor.  However, if the action against MetLife, Inc. is allowed to proceed, discovery from Mr. Wezner, including documents, interrogatory responses and deposition testimony, will be essential to help the finder of fact assess the facts with respect to MetLife, Inc.'s defenses.  Without Wezner's participation, the parties and the Court may be left with nothing more than plaintiffs' self-serving allegations.

The Honorable Kent A. Jordan
August 25, 2006
Page 2



Moreover, staying discovery against only Mr. Wezner would also create undue burden and expense upon the parties, contrary to the interests of judicial economy. If discovery proceeds without Mr. Wezner's participation, Mr. Wezner will likely seek to reopen the discovery when the stay is lifted. This second round of discovery would likely include redundant procedures covering virtually identical subject matters.

Accordingly, if the Court is inclined to grant a stay of discovery, the stay should pertain to all discovery as to all parties. If a stay of discovery is granted as to Mr. Wezner only, MetLife, Inc. will be unduly prejudiced in the preparation of its defenses to plaintiffs' claims. MetLife, Inc. would also be subjected to undue burden and expense resulting from redundant discovery proceedings when the stay as to Mr. Wezner is lifted.

Respectfully submitted,

/s/Robert P. Lesko
ROBERT P. LESKO


cc:     District Court Clerk (via electronic filing)
        All Counsel (via electronic filing)