# EDWARDS ANGELL PALMER & DODGE LLP

919 North Market Street   Wilmington, DE  19801   302.777.7770   *fax* 302.777.7263   eapdlaw.com

Denise Seastone Kraft
302.425.7106
*fax* 888.325.9741
dkraft@EdwardsAngell.com

August 25, 2006

The Honorable Judge Kent A. Jordan
U.S. District Court for the
District of Delaware
Room 4209, Lockbox 10
844 North King Street
Wilmington, DE  19801

      Re:   *Mark Bonk, et al. v. Richard Wezner, et al.*
             C.A. No. 06-CV-00285 (KAJ)

Dear Judge Jordan:

On behalf of defendant Richard S. Wezner ("Mr. Wezner"), I respectfully respond to Plaintiffs' letter dated August 24, 2006, which opposes Mr. Wezner's Motion for Protective Order and requests a psychiatric exam.  Mr. Wezner submitted Dr. Williams' affidavit for the reasons stated in my letter of August 23, 2006, primarily because Mr. Wezner's poor mental health truly compromises the reliability of his testimony and necessitates the guidance of the Court and, Mr. Wezner submits, the issuance of a protective order.

Because that is the issue before the Court I will focus on that issue and leave unproductive and misplaced rhetoric aside, but do note for the record that Mr. Wezner denies the validity of such rhetoric as reflected in Plaintiffs' letter of August 24, 2006.

As this Court well knows, the United States Supreme Court has noted that Rule 35 "mental and physical examination[s] are only to be ordered upon a discriminating application by the [trial] judge of the limitations prescribed by the Rule."  Schlagenhauf v. Holden, 379 U.S. 104 (1964).

Aside from his ongoing treatment and examination by Dr. Williams, Mr. Wezner has already undergone independent medical examinations related to his disability.  As reflected in the attached May 30, 2006, Order of Administrative Law Judge Mark D. Newberger, Mr. Wezner received a full favorable decision from the Social Security Administration granting his disability request on psychiatric grounds.[1]  Among the finding of Judge Newberger are findings that Mr. Wezner has the "following severe impairments: Bipolar disorder; post-traumatic stress disorder; migraine headaches and bilateral carotid disease. (Exhibit A at page 3, ¶5).

---

[1]   The attached decision from the Social Security Administration has been redacted only to the extent of removing Mr. Wezner's social security number.

EDWARDS ANGELL PALMER&DODGE LLP

The Honorable Judge Kent A. Jordan
August 25, 2006
Page 2

Judge Newberger also found that Mr. Wezner has marked difficulties in maintaining concentration, marked difficulty thinking clearly, and has been unable to deal with normal work stress. (Exhibit A at page 2, ¶5). Undersigned counsel just became aware of the attached exhibit today. Counsel for Mr. Wezner has contacted, this afternoon, the counsel who represented Mr. Wezner in the proceeding before Judge Newberger in order to obtain the exhibits referred to in Judge Newberger's order any other relevant information.

In addition to the Social Security proceeding, Mr. Wezner has also undergone an independent medical examination by Dr. Courtney Baker of Ambler, Pennsylvania. Dr. Baker performed an independent medical examination of Mr. Wezner in connection with Mr. Wezner being released from certain contractual obligations due to his disability. While Mr. Wezner was subsequently released from those obligations following the independent medical examination, he was not provided with a copy of Dr. Baker's report. Again, undersigned counsel just became aware of this information this afternoon and is in the process of attempting to obtain a copy of that report, as well as additional medical records of Mr. Wezner.

Mr. Wezner submits that since he has already been examined by independent medical providers, that the Court has the ruling of Judge Newberger, that the Court has the Affidavit of Dr. Williams, and that Mr. Wezner is willing to provide all medical records/psychiatric records relevant to his motion for protective order to an independent medical examiner (IME) appointed by this Court, that Plaintiffs' request for an independent medical exam be denied. Instead, Mr. Wezner submits that the best way to proceed under this circumstances is for the Court to allow more time for counsel for Mr. Wezner to obtain additional medical documentation; that in the interim the Court appoint an IME; that once the additional documentation is received that it be provided to the IME for review; that the IME can also contact any of Mr. Wezner's doctors that the IME chooses; and that the IME then issue a report to the Court.

In the interests of fairness, Mr. Wezner's difficult decision to publicly air his mental health issues should not be used as a means for Plaintiffs to gain a tactical advantage in this litigation. Therefore, in line with the U.S. Supreme Court's guidance to Courts to apply Rule 35 narrowly and principles of fairness, Mr. Wezner requests that the Court closely monitor the selection of the IME and that the production of any of Mr. Wezner's medical records to the IME be limited to the IME and not available to the Plaintiffs' counsel.

Respectfully,

Denise Seastone Kraft (Bar No. 2778)

EDWARDS ANGELL PALMER & DODGE LLP

The Honorable Judge Kent A. Jordan
August 25, 2006
Page 3


**OF COUNSEL:**

John J. Tumilty (*Pro Hac Vice*)
Julia E. Green (*Pro Hac Vice*)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA  02199
(617) 239-0100
(617) 227-4420

DSK:rrj
Enclosure

cc:     Clerk (via Electronic Filing)
        All Counsel (via Electronic Filing)

# Exhibit A

**SOCIAL SECURITY ADMINISTRATION**

Refer To:

Office of Hearings and Appeals
Suite 250
8380 Old York Road
Elkins Park, PA 19027

Date:

Richard S. Wezner
9 Devon Shires Court
Blue Bell, PA 19422

### NOTICE OF DECISION – FULLY FAVORABLE

I have made the enclosed decision in your case. Please read this notice and the decision carefully.

**This Decision is Fully Favorable To You**

Another office will process the decision and send you a letter about your benefits. Your local Social Security office or another may first ask you for more information. If you do not hear anything for 60 days, contact your local office.

**The Appeals Council May Review The Decision On Its Own**

The Appeals Council may decide to review my decision even though you do not ask it to do so. To do that, the Council must mail you a notice about its review within 60 days from the date shown above. Review at the Council's own motion could make the decision less favorable or unfavorable to you.

**If You Disagree With The Decision**

If you believe my decision is not fully favorable to you, or if you disagree with it for any reason, you may file an appeal with the Appeals Council.

**How to File an Appeal**

To file an appeal you or your representative must request that the Appeals Council review the decision. You must make the request in writing. You may use our Request for Review form, HA-520, or write a letter.

You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the **Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255**. Please put the Social Security number shown above on any appeal you file.

See Next Page

Richard S Wezner ·                                     Page 2 of 3

**Time to File an Appeal**

To file an appeal, you must file your request for review **within 60 days** from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

**Time to Submit New Evidence**

You should submit any new evidence you wish to the Appeals Council to consider **with** your request for review.

**How an Appeal Works**

Our regulations state the rules the Appeals Council applies to decide when and how to review a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III, Part 404 (Subpart J).

If you file an appeal, the Council will consider all of my decision, even the parts with which you agree. The Council may review your case for any reason. It **will** review your case if one of the reasons for review listed in our regulation exists. Section 404.970 of the regulation lists these reasons.

Requesting review places the entire record of your case before the Council. Review can make any part of my decision more or less favorable or unfavorable to you.

On review, the Council may itself consider the issues and decide your case. The Council may also send it back to an Administrative Law Judge for a new decision.

**If No Appeal and No Appeals Council Review**

If you do not appeal and the Council does not review my decision on its own motion, you will not have a right to court review. My decision will be a final decision that can be changed only under special rules.

See Next Page

Richard S Wezner                                           Page 3 of 3

**If You Have Any Questions**

If you have any questions, you may call, write or visit any Social Security office. If you visit an office, please bring this notice and decision with you. The telephone number of the local office that serves your area is (610)277-0440. Its address is Social Security, 1700 Markley St, Norristown, PA 19401.


                              Mark D. Newberger
                              Administrative Law Judge


cc: Martin Keane, Esq.
    1050 Thomas Jefferson
    #3265
    Washington, DC 20007

**SOCIAL SECURITY ADMINISTRATION**
**Office of Hearings and Appeals**

**ORDER**

<u>**IN THE CASE OF**</u>                                     <u>**CLAIM FOR**</u>

                                                     Period of Disability and
                                                     Disability Insurance Benefits
Richard S. Wezner _____                        _____
(Claimant)

_____                              _____
(Wage Earner)                                        (Social Security Number)

I approve the fee agreement between the claimant and his representative subject to the condition
that the claim results in past-due benefits.

My determination is limited to whether the fee agreement meets the statutory conditions for
approval and is not otherwise excepted. I neither approve nor disapprove any other aspect of the
agreement.

**HOW TO ASK US TO REVIEW THE FEE AGREEMENT DETERMINATION**

You or your representative may ask us to review the determination on the fee agreement. If you
decide to ask us for a review, write us within 15 days from the day you get this order. Tell us
that you disagree and give your reasons.
Send your request to this address:

- Jasper Bede
  Acting Regional Chief Administrative Law Judge
  300 Spring Garden Street
  Fourth Floor
  Philadelphia, PA 19123

Your representative also has 15 days to write us if he or she does not agree with the
determination on the fee agreement.

You should include the social security number(s) shown on this order on any papers that you
send us.

                                        _____
                                        Mark D. Newberger
                                        Administrative Law Judge

                                        _____
                                        Date        MAY 3 0 2006

## SOCIAL SECURITY ADMINISTRATION
### Office of Hearings and Appeals

### DECISION

**IN THE CASE OF**

**CLAIM FOR**

Richard S. Wezner

Period of Disability and
Disability Insurance Benefits

(Claimant)

(Wage Earner)

(Social Security Number)

This case is before the Administrative Law Judge on a timely request for hearing filed by the claimant. The undersigned grant's claimant's motion to reopen his prior June 29, 2004 application for benefits (Exhibit 1D) which application was denied less than one year from his current January 18, 2005 protective application for benefits (Exhibit 8D and 11D). The issues presented are whether the claimant is entitled to a period of disability and to disability insurance benefits, and, if so, the date upon which such disability commenced. It is the opinion of the Administrative Law Judge that the claimant has been disabled since his December 30, 2004 written amended onset date of disability (Exhibit 9D) when claimant's depression worsened leading to a suicide attempt that day (Exhibit 1F). Unfortunately, the very detailed mental health records submitted by claimant document that his bipolar disorder and post traumatic stress disorder have persisted at a high level of severity since December 30, 2004 causing claimant to be unable to engage in substantial gainful activity (See Exhibits 2F-4F and 7F-9F).

The undersigned has considered the assessments of State Agency physicians and finds these assessments not persuasive in view of the supplemental medical evidence submitted after the assessments by these physicians were made.

As this on-the-record decision is fully favorable to the claimant a full evaluation and discussion of the evidence is unnecessary. The Administrative Law Judge finds the following evidence credible, probative and dispositive: Exhibits 1F-4F and 7F-9F. The conclusions derived from this evidence are fully explained in the findings appended to this decision.

### DECISIONAL FINDINGS OF FACT

1.   The claimant met the disability insured status requirements of the Act on December 30, 2004, and continues to meet them through December 31, 2009.

2.  The claimant has not engaged in substantial gainful activity since December 30, 2004.

3.  Since December 30, 2004, claimant has had the following severe impairments: Bipolar disorder; post traumatic stress disorder; migraine headaches and bilateral carotid disease.

4.  The claimant's impairment(s) have not met or equaled any impairment listed in Appendix 1, Subpart P, Regulations No. 4.

5.  Since December 30, 2004, the claimant has had the below non-exertional limitations: (1) Claimant has had moderate restriction of activities of daily living, moderate difficulties in maintaining social functioning, marked difficulties in maintaining concentration, persistence or pace and one episode of decompensation for extended duration; (2) Claimant has had marked difficulty thinking clearly; (3) Claimant has been unable to perform work activity at a consistent pace; and (4) Claimant has been unable to deal with normal work stress (Exhibits 2F-4F and 7F-9F).

6.  Since December 30, 2004, claimant has had the residual functional capacity to perform a limited range of medium exertion work but not on a sustained and competitive basis.

7.  The claimant has been unable to perform claimant's past relevant work since December 30, 2004.

8.  The claimant was 38 years old as of December 30, 2004.

9.  The claimant has a college education.

10. Since December 30, 2004, claimant has not had any work skills that are transferable to other work due to claimant's combined severe exertional and non-exertional limitations.

11. Consistent with fully credible medical evidence from claimant's treating mental health providers, and with the burden shifted to the Commissioner, the undersigned finds that claimant's ability to perform work activity on a sustained basis has been significantly compromised to the extent that claimant has been unable to engage in any substantial gainful activity at all times from December 30, 2004 to the present date.

12. The claimant has been under a "disability," as defined in The Social Security Act, since December 30, 2004.

Richard S Wezner :                                        Page 3 of 4

## DECISION

It is the decision of the Administrative Law Judge that based on the application protectively filed on June 29, 2004 (Exhibit 1D), the claimant is entitled to a period of disability commencing on December 30, 2004 and to disability insurance benefits under sections 216(i) and 223, respectively of the Social Security Act, as amended.

_Mark D. Newberger_
MARK D. NEWBERGER
Administrative Law Judge

MAY 3 5 2005
Date

Richard S Wezner                                                Page 4 of 4

## <u>YOUR RIGHT TO PAYMENT WITHIN A REASONABLE TIME</u>

We are required by a District Court order in <u>Holman et al. v. Bowen</u>, (Civ. No. 78-0494, M.D. Pa., May 1, 1987), to notify you of your right to have your disability payments sent to you by us within a reasonable time after a favorable determination of your eligibility for benefits.

If you would like to know when you will receive your benefits, you may contact any Social Security Office to ask when you can expect to receive payment of your claim.

If, at any time, you feel that your payments are being unreasonably delayed, you may seek relief from a United States District Court.

You may wish to contact an attorney regarding your rights. If you do not have any attorney, free legal services may be available if you qualify for them due to financial need. For further information about where to apply for free legal help, you may call the Law Coordination Center, toll free, at 1-800-732-3545.

## LIST OF EXHIBITS

| Claimant: | Richard S Wezner | SSN: | |
|---|---|---|---|

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| | | **EXHIBITS SUBMITTED PRIOR TO HEARING** | |
| | | **MEDICAL RECORDS** | |
| 7 | F | Medical Records dated 1/13/05 - 1/24/05 -   The Horsham Clinic | 2 |
| 8 | F | Medical Records dated 5/05 - 5/06 -  from S. Stone - LSW | 29 |
| 9 | F | Medical Records dated 8/04 - 5/06 from Dr. Williams | 42 |

## LIST OF EXHIBITS

| Claimant: | Richard S Wezner | | SSN: | |
|---|---|---|---|---|

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| | | **DISABILITY RELATED DEVELOPMENT AND DOCUMENTATION** | |
| 1 | E | Disability Report - Field Office dated 2/28/05 | 3 |
| 2 | E | Disability Report - Adult 2/28/05 | 8 |
| 3 | E | Function Report - Adult Third Party 3/22/05 | 9 |
| 4 | E | Activities of Daily Living 3/28/05 | 6 |
| 5 | E | Disability Report - Appeal dated 9/30/05 | 7 |
| 6 | E | Report of Contact dated 12/13/05 | 1 |

### MEDICAL RECORDS

| | | | |
|---|---|---|---|
| 1 | F | Medical Records dated 12/30/04 - 12/31/04 from Mercy Suburban Hospital | 16 |
| 2 | F | Medical Records dated 1/13/05 from B Franklin Diamond, M.D. | 11 |
| 3 | F | Medical Records dated 1/21/05 from Horsham Clinic | 6 |
| 4 | F | Medical Records dated 2/21/05 from Ron Lewis Associates | 10 |
| 5 | F | Psychiatric Review Technique Form (completed by DDS physician) dated 4/4/05 | 13 |
| 6 | F | RFC - Residual Functional Capacity Assessment - Mental (completed by DDS physician) dated 4/4/05 | 3 |