# ReedSmith

**Thad J. Bracegirdle**
Direct Phone: 302.778.7571
Email: tbracegirdle@reedsmith.com

Reed Smith LLP
1201 Market Street
Suite 1500
Wilmington, DE 19801-1163
302.778.7500
Fax 302.778.7575

October 13, 2006

**BY CM/ECF**

The Honorable Kent A. Jordan
U.S. District Court for the District of Delaware
844 North King Street, Lock Box 10
Wilmington, DE 19801

      Re:    <u>Bonk v. Wezner, et al.</u>, C.A. No. 06-CV-285 (KAJ)

Dear Judge Jordan:

      I write to follow up on Ms. Kraft's letter of yesterday and to explain briefly to the Court plaintiffs' opposition to paragraph 6 of the proposed form of order.

      Paragraph 6, as proposed by defendant Wezner, would prevent all parties from using the psychiatric records and reports provided to counsel in connection with the independent medical examination ("IME") of Mr. Wezner for *any* purpose in this litigation other than with respect to Mr. Wezner's pending motion for a protective order. In the first instance, this broad restriction is not contemplated by Federal Rule 35, which governs IMEs and requires only an order specifying "the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Fed. R. Civ. P. 35(a). At the conclusion of the August 28, 2006 hearing, the Court, consistent with this rule, requested a form of order including only the time, place and scope of the IME. *See* Aug. 28, 2006 tr. at 17. The Court did not impose any restrictions on the parties' use of the IME report or other psychiatric records, despite the fact that Mr. Wezner's counsel requested such restrictions. *See id.* at 7, 17.

      Moreover, it would be inappropriate and premature, at this early stage of the litigation, to foreclose the parties from using evidence of Mr. Wezner's mental condition for any purpose when (i) the parties do not know what the results of the IME will be, and (ii) no discovery has yet been taken. It certainly is conceivable that Mr. Wezner's psychiatric records may become relevant at a later stage of this proceeding. Should issues of admissibility or prejudice arise in the future, there are various remedies available to Mr. Wezner (e.g., protective orders, motions *in limine*) to safeguard his interests short of the blanket restriction he proposes now. Since the parties have agreed to treat Mr. Wezner's psychiatric records as "attorneys' eyes only," his privacy is protected and there can be no reason for his proposal of paragraph 6 other than to gain an unfair advantage in this litigation.

The Honorable Kent A. Jordan
October 13, 2006
Page 2

**ReedSmith**

    For these reasons, plaintiffs respectfully request that the Court enter an order in the form enclosed, which omits the contested paragraph but otherwise is identical to the one submitted yesterday by Ms. Kraft. Should Your Honor have any questions concerning this matter, plaintiffs' counsel are available at the convenience of the Court.

                          Respectfully,

                          Thad J. Bracegirdle
                          (Del. Bar No. 3691)

Enclosure

cc:    Clerk of the Court (by CM/ECF)
        All Counsel of Record (by CM/ECF)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK BONK, as trustee of the Harry and Patricia Bonk Irrevocable Trust, HARRY BONK and PATRICIA BONK,<br><br>        Plaintiffs,<br><br>        v.<br><br>RICHARD WEZNER, JOHN HANCOCK MUTUAL LIFE INSURANCE CO. and METLIFE, INC.,<br><br>        Defendants. | C.A. No. 06-CV-00285 (KAJ) |

## ORDER

WHEREAS, a hearing was held in this matter on August 28, 2006 regarding the motion for a protective order filed by defendant Richard Wezner; and

WHEREAS, the Court directed the parties to confer and submit an agreed upon form of order to the Court by October 12, 2006, regarding the independent medical examination of defendant Richard Wezner;

IT IS HEREBY ORDERED, this _____ day of _____, 2006, that:

1. Richard Wezner shall submit to an independent medical exam to be conducted by Dr. Stephen Mechanick, a board certified psychiatrist;

2. The independent medical exam shall be conducted on November 1, 2006 at 1:00 p.m., or such mutually convenient date within the first ten (10) days of November 2006, in the offices of Dr. Mechanick located at 14 Elliott Avenue, Suite 9, Bryn Mawr, Pennsylvania;

3. Prior to the medical examination, the available psychology and psychiatry records of Mr. Wezner from 2004 until the present time will be made available to Dr. Mechanick;

4. After examining Mr. Wezner and reviewing his psychology and psychiatry records, Dr. Mechanick shall issue a report to all parties and the Court concerning Mr. Wezner's mental, psychological and emotional condition;

5. The psychology and psychiatry records of Mr. Wezner that are made available to Dr. Mechanick shall also be disclosed to counsel for the parties in this action on an "attorney's eyes only" basis;

6. The parties shall bear the cost of the independent medical examination equally as follows: Plaintiffs shall be responsible for 25% of the cost; Mr. Wezner shall be responsible for 25% of the cost; defendant John Hancock Mutual Life Insurance Co. shall be responsible for 25% of the cost; and defendant MetLife, Inc. shall be responsible for 25% of the cost. Payment shall be made within sixty (60) days of the presentation of the invoice from Dr. Mechanick's office.

_____
United States District Court Judge