IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK BONK, as trustee of the Harry and Patricia Bonk Irrevocable Trust, HARRY BONK AND PATRICIA BONK,<br><br>                Plaintiffs,<br>v.<br><br>RICHARD WEZNER, JOHN HANCOCK MUTUAL LIFE INUSRANCE CO., and METLIFE, INC.,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 06-285-KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

AND NOW, this ____ day of _____, 2006, it is hereby ORDERED, and ADJUDGED THAT:

Whereas, plaintiffs and defendants have served, or intend to serve, interrogatories, requests for production of certain documents and tangible things, and notices of depositions and requests for admissions, the responses to which the respective attorneys contend will include the disclosure of trade secrets, proprietary data, confidential business information, and/or other confidential information, IT IS HEREBY ORDERED THAT:

1. This Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions and any other information produced, given or exchanged by and among the parties to the above-referenced action (the "Parties" or, individually, a "Party") in connection with discovery in the above-referenced action (collectively, "Discovery Material").

2. Any Party producing Discovery Material may designate as "Confidential" any Discovery Material that the Party considers in good faith to contain information that is

protectable pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure or pursuant to other applicable rules, statutes or case law (hereinafter "Confidential Material").

3. Unless otherwise ordered by the Court, Confidential Material and its contents may be disclosed only to:

(a) The attorneys who are working on this case for the Parties, including in-house counsel, and such other attorneys who shall enter an appearance in this action, and the attorneys' associates, paralegals, legal assistants and outside support services;

(b) Such other personnel employed by said attorneys in this action (including outside copying services and outside litigation support services);

(c) The Parties, including current directors, officers, or employees of the Parties or their liability insurance carriers in this action to the extent deemed necessary by counsel for the prosecution, defense, or settlement of this action;

(d) Witnesses, experts, and consultants (and, if applicable, their counsel) to the extent deemed necessary by counsel for the prosecution, defense, or settlement of this action and subject to the restrictions set forth in paragraphs 7 through 9 hereof;

(e) Stenographic or court reporters, court videographers, and similar transcription services involved in the memorialization or transcription of testimony in this action;

(f) The Court or persons employed by the Court;

(g) Any fact witness (and his or her counsel) to the extent necessary to assist in preparing that witness to testify at deposition or trial, provided, however, that such fact witness is subject to the restrictions set forth in paragraphs 7 through 9 hereof, and that fact witness shall not retain the confidential materials or records or any copy thereof;

(h) Any fact witness (and his or her counsel) to the extent reasonably necessary to determine (i) the extent of that witness's knowledge relevant to this litigation, or (ii) whether that witness will in fact be called to testify at trial, provided, however, that such fact witness is subject to the restrictions set forth in paragraphs 7 through 9 hereof, and that fact witness shall not retain the confidential materials or records or any copy thereof;

(i) Any person retained or consulted by any counsel of record to assist in the preparation of this action, to testify at trial, or for any other proceedings in this case; and

(j) Any other person, only upon order of the Court or upon stipulation of the Party producing and designating Confidential Material.

4. Any Party claiming in good faith that Discovery Material is confidential shall be required to designate those materials that are considered to be confidential and covered by the Protective Order in writing or on the stenographic record to the other Parties and their attorneys at or prior to the time of disclosure of any such material. Any document, response, pleading, or interrogatory answer that a Party in good faith believes is entitled to confidential treatment and ought to be covered by this Protective Order and that is delivered to the opposing Parties shall be stamped "CONFIDENTIAL" by the producing Party on or before the time of said delivery in such a manner that does not obliterate or hinder the reading and use of the document. As to deposition testimony, such designation shall be made on the record at the time of the deposition or in writing within fifteen (15) days after the testimony is transcribed and delivered to the Parties; provided, however, that the entire deposition shall be treated as confidential prior to such designation or the expiration of the fifteen-day period, whichever comes first.

5. All Confidential Material that is filed with the Court in this action and all pleadings and memoranda purporting to produce or paraphrase such Confidential Material shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this action, a generic designation of the contents of such sealed envelope or other container, the word "CONFIDENTIAL," and words in substantially the following form:

> This envelope contains documents that are filed
> in this case by [name of party] and, by Order of
> this Court, shall not be opened nor the contents
> hereof be displaced or revealed except by
> further order of the Court.

6. The persons identified in Paragraph 3 shall be prohibited from disclosing the contents of any Confidential Material except as provided herein, or except as otherwise agreed upon by the Party producing theConfidential Material, or except as permitted by order of this Court, or except as ordered by any other court or as required by a subpoena; provided, however, that if any person receiving Confidential Material pursuant to this Order (the "Receiver") is subpoenaed in any other action or proceeding and such subpoena seeks Discovery Material which was produced and designated as "Confidential" by someone other than the Receiver, the Receiver shall give written within five (5) business days of receipt of such subpoena to the Party who produced or designated the Confidential Material and shall object to the production of such Confidential Material on the grounds of the existence of this Order. The burden of opposing the enforcement of the subpoena shall fall upon the Party who produced or designated the Confidential Material. Unless the Party who produced or designated the Confidential Material obtains an order directing that the subpoena not be complied with, the Receiver shall be permitted to produce documents in compliance with the subpoena. Compliance by the Receiver

with any order directing production of Confidential Material pursuant to a subpoena shall not constitute a violation of this Order.

7. Documents or portions of documents covered by this Order may be disclosed to fact witnesses (including, but not limited to, former employees of John Hancock Mutual Life Insurance Company and John Hancock Variable Life Insurance Company and MetLife employees), consultants, and experts as may be deemed necessary by the parties to assist in the preparation of this case, provided that, prior to disclosure of the documents or information contained therein, such persons shall be informed of this Protective Order and its provisions or they shall be provided with a copy of this Protective Order or both, shall be advised that they are bound by the terms of the Protective Order as to any confidential information they review, and shall execute a copy of the Protective Order signaling their acknowledgement that they are bound by its terms.

8. Nothing contained herein shall prevent any Party from disclosing any Confidential Material to any witness or their counsel during a deposition. However, unless a deposition witness has complied with paragraph 7, no deposition witness may review or retain any Confidential Material before or after the deposition.

9. To the extent that disclosure or use of Confidential Material is made upon deposition, those portions of the deposition transcript filed with the Court that contain or refer to Confidential Material shall be filed in accordance with the procedures described above and shall remain under seal until further order of this Court, and those portions of the copies of the deposition transcript provided to counsel that contain such information shall be subject to the provisions of this Protective Order.

10. During the pendency of this action, any Party objecting to the designation of any Discovery Material as "Confidential" may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation.

11. Nothing in this Protective Order shall be deemed to be a waiver by any party of any privilege or protection applicable to any document or information disclosed pursuant hereto. The parties expressly reserve all rights regarding the attorney-client privilege, the attorney work product doctrine and any and all other protections and privileges provided under applicable law, including The Federal Rules of Civil Procedure. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any Party is inadvertently produced to such Party(ies), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing Party would otherwise be entitled. If a claim of inadvertent production is made with respect to information then in the custody of another Party, that Party shall promptly return to the claiming Party or person that material as to which the claim of inadvertent production has been made, and the receiving Party shall not use such information for any purpose until further order of the Court. The Party returning such material may then move the Court for an order compelling production of the material.

12. Within thirty (30) days following final termination of this action (including any appeals therefrom), defendants, plaintiffs, or any other person subject to the terms of this Order shall either:

    (a) Assemble and return to the originating source all materials and documents marked "CONFIDENTIAL" and all copies, summaries and abstracts thereof to the extent

they disclose such confidential information and to return all other material, memoranda or documents embodying such confidential information, unless the parties agree otherwise; or

(b)     Destroy all such materials and documents and certify in writing to the producing Party that they have done so.

Provided, however, that counsel of record for the Parties may retain all pleadings and other material constituting work product including all documents filed with the Court.

13.     It is contemplated by this Protective Order that Confidential Material shall remain confidential and shall be treated as confidential even after the termination of this action.

14.     Upon the request of any Party, and with proper notice to any opposing Party, the Court may modify or amend this Order. The Parties have expressly reserved their right to seek modification of this Protective Order based on good cause.

15.     This Court shall retain jurisdiction to enforce or revoke this Protective Order.

16.     This Order shall continue in force until dissolved and shall be construed according to the Federal Rules of Civil Procedure. This Order shall not apply to any opinion, ruling, order, or comment made by a judge or any appellate judge during the litigation of this case.

*Attorneys for Defendants*
*Metropolitan Life Insurance*

William F. Taylor, Jr., Esquire
McCarter & English, LLP
919 North Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899

*/s/ William F. Taylor*
William F. Taylor, Esq.

Dated: October 31, 2006

Robert Lesko
McCarter & English, LLP
Gateway Four
100 Mulberry Street
Newark, NJ 07102

*/s/ Robert Lesko*
Robert Lesko, Esq.

Dated: October 31, 2006

*Attorneys for Defendant Richard Wezner*

Denise Seastone Kraft, Esquire
Edwards Angell Palmer & Dodge LLP
919 North Market Street, 14th Floor
Wilmington, DE 19899

*/s/ Denise Seastone Kraft*
Denise Seastone Kraft, Esq.

John J. Tumilty, Esquire
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199

*/s/ John J. Tumilty*
John J. Tumilty, Esq.

Dated: October 31, 2006

*Attorneys for Defendant John*
*Hancock Mutual Life Ins. Co.:*

Joseph Grey, Esquire
Thomas G. Whalen, Jr., Esquire
Stevens & Lee P.C..
1105 North Market Street, Suite 700
Wilmington, DE 19801

*/s/ Thomas G. Whalen, Jr.*
Joseph Grey, Esq.
Thomas G. Whalen, Jr., Esq.

Dated: October 31, 2006

*Attorneys for Plaintiffs*

REED SMITH LLP
David E. Wilks
1201 Market Street, Suite 1500
Wilmington, DE 19801

*/s/ David E. Wilks*
David E. Wilks, Esq.

Dated: October 31, 2006

SO ORDERED this ____ day of _____, 2006

BY THE COURT:

_____
J.