# SEITZ, VAN OGTROP & GREEN, P.A.
### ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

BERNARD A. VAN OGTROP
GEORGE H. SEITZ, III
JAMES S. GREEN
R. KARL HILL
PATRICIA P. McGONIGLE
KEVIN A. GUERKE

Writer's Direct Dial: 302-888-7605
Writer's E-Mail: pmcgonigle@svglaw.com

September 18, 2007

(302) 888-0600
FAX: (302) 888-0606

**Via CM/ECF and Hand Delivery**

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Lock Box 8
Wilmington, DE 19801

      RE:    **Bonk, et al. v. Richard Wezner et al.,
                Civil Action No. 06-285-UNA**

Dear Judge Thynge:

      This firm is counsel to Plaintiffs, Harry Bonk, Patricia Bonk and Mark Bonk, as trustee of the Harry and Patricia Bonk Irrevocable Trust. I write in response to Ms. Taylor's letter to Your Honor dated September 17, 2007 requesting an adjournment of the October 4, 2007 mediation. Plaintiffs oppose any adjournment.

      By way of background, Plaintiffs were originally represented by the Buchanan Ingersoll law firm. When a conflict developed, this firm was retained and has been counsel to Plaintiff since mid-April, 2007. For the first several months of our representation, the focus was on Mr. Wezner's motion for a protective order seeking to preclude discovery from him. That issue was ultimately resolved by the Court's June 28, 2007 decision directing Mr. Wezner to participate in discovery, including the giving of deposition testimony.

      Since that time, the parties have been engaged in written discovery (and document production), although I note that no depositions have been taken. Plaintiffs have understood since shortly after the Court's June 28 ruling that Mr. Wezner intended to assert his Fifth Amendment privilege during any deposition. Accordingly, Plaintiffs held off noticing up Mr. Wezner's deposition. Mr. Bennett, Mr. Wezner's counsel, confirmed today that Mr. Wezner will, in fact, assert the privilege. On September 11, 2007, for the first time, Defendant Met Life requested the depositions of Plaintiff and offered four (4) dates: September 27, 28 and October 3 and 5. The following day, I advised that Plaintiffs were available on September 27 and 28. None of the defendants have yet to notice up Plaintiffs depositions for either of these dates.

61037v1

The Honorable Mary Pat Thynge
September 18, 2007
Page 2

      In her September 17 letter, Ms. Taylor states "[s]ince July 19, 2007, we have requested that plaintiffs provide us with a statement/analysis of the damages so we can convey this information to MetLife and make a meaningful settlement recommendation." In point of fact, on July 19, Ms. Taylor emailed me requesting that Plaintiffs provide a damage analysis and written settlement demand "at least two weeks before the mediation." I have advised Ms. Taylor that Plaintiffs have retained an insurance expert to assist in our review of the case and damage analysis. While I had hoped to produce the expert report last week, I was advised by Mr. Ianni that the report was not yet ready. We anticipate receiving and producing the report by September 20th of this week.

      MetLife suggests that it cannot formulate and convey any settlement authority by the October 4 mediation date because it has not taken the depositions of Plaintiffs or Mr. Wezner and has yet to receive a damage analysis. By Ms. Taylor's own admission, two (2) weeks is a sufficient time for a review of Plaintiff's damage analysis. Plaintiffs' expert report will be produced this week, and MetLife should have more than sufficient time to review and formulate its settlement position.

      Further, it is quite simply not fair to Plaintiffs, two of whom are elderly, to adjourn the mediation when defendants have been offered 2 of their 4 requested deposition dates on which to take Plaintiffs' depositions. And, given the current position of Mr. Wezner, it is unclear when the parties will actually be able to secure meaningful testimony from him.

      All parties have an obligation to participate in the mediation process in good faith. Plaintiffs intend to do so and believe that two weeks is more than sufficient for the defendants to prepare for the mediation. Accordingly, Plaintiffs respectfully request the Court deny MetLife's request to adjourn the mediation.

      I am available at the Court's convenience to discuss this matter.

Respectfully,

PATRICIA P. MCGONIGLE

PPM/drc
Enclosure
cc:    William F. Taylor, Jr., Esquire (via CM/ECF)
       Penelope M. Taylor, Esquire (via email)
       Joseph Grey, Esquire (via CM/ECF)
       William J. Payne, Esquire (via email)
       Daniel P. Bennett, Esquire (via CM/ECF)
       R. Karl Hill, Esquire (firm)

59652 v1