# SEITZ, VAN OGTROP & GREEN, P.A.
ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

BERNARD A. VAN OGTROP
GEORGE H. SEITZ, III
JAMES S. GREEN
R. KARL HILL
PATRICIA P. McGONIGLE
KEVIN A. GUERKE

Writer's Direct Dial: 302-888-7605
Writer's E-Mail: pmcgonigle@svglaw.com

(302) 888-0600
FAX: (302) 888-0606

October 2, 2007

**Via CM/ECF and Hand Delivery**
The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Lock Box 8
Wilmington, DE 19801

RE: **Bonk, et al. v. Richard Wezner et al.,
Civil Action No. 06-285-UNA**

Dear Judge Thynge:

Enclosed herewith is a proposed Case Scheduling Stipulation and Order that has been agreed upon by all counsel.

I am available at the convenience of the Court should you have any questions.

Respectfully,

Patricia M.
PATRICIA P. MCGONIGLE
(DE 3126)/pmcgonigle@svglaw.com

PPM/drc
Enclosure
cc: William F. Taylor, Jr., Esquire (via CM/ECF)
    Penelope M. Taylor, Esquire (via email)
    Joseph Grey, Esquire (via CM/ECF)
    William J. Payne, Esquire (via email)
    Daniel P. Bennett, Esquire (via CM/ECF)
    R. Karl Hill, Esquire (firm)

61037v1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK BONK, as trustee of the Harry and <br> and Patricia Bonk Irrevocable Trust, <br> HARRY BONK and PATRICIA BONK, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD WEZNER, JOHN HANCOCK <br> MUTUAL LIFE INSURANCE CO. and <br> METLIFE, INC., | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 06-285 <br> ) <br> ) <br> ) <br> ) |

## CASE SCHEDULING STIPULATION AND ORDER

WHEREFORE, the parties have agreed, subject to the Court's approval, upon the proposed scheduled set forth below:

1. <u>Joinder of other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before October 12, 2007.

2. <u>Discovery</u>

    a. <u>Limitation on Hours for Deposition Discovery</u>. Each party is limited to a total of 80 hours of taking testimony by deposition upon oral examination. For purposes of this subparagraph, Plaintiffs, as a collective group, shall be considered one party. Any deposition of Defendant Wezner shall be subject to the Court's June 28, 2007 decision concerning same.

    b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a

counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    c.    <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before April 30, 2008. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    d.    <u>Disclosure of Expert Testimony</u>. For the party who has the initial burden of proof on the subject mater, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before January 11, 2008. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before March 31, 2008. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

To the extent of any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    e.    <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior

to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining the party's reasons for its opposition. **Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).** Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

3. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 2e above.

Any proposed order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

5. <u>ADR Process</u>. To be discussed during the Status Conference. Any party may make application to the Court for the case to be referred to mediation.

6. <u>Interim Status Report</u>. On or before December 14, 2007, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

7. <u>Status Conference</u>. On January ____, 2008, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at _____ _.m. Plaintiffs' counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

8. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before June 30, 2008. Briefing will be presented pursuant to the Court's Local Rules.

9. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

10. <u>Pretrial Conference.</u> On _____, 2008, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at ____ _.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of

Final Pretrial Order which accompanies this Scheduling Order on or before _____, 2008.

    11.   <u>Motions in Limine</u>. Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three(3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

    12.   <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51, the parties should file proposed voir dire instruction to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

    13.   <u>Trial</u>. This matter is scheduled for a \_\_\_ day trial beginning at 9:30 a.m. on _____, 2008 with remaining trial days beginning at 9:00 a.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of \_\_\_\_ hours to present their case.

                                            _____
                                               United States Magistrate Judge