**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MARK BONK, as trustee of the Harry and | : | |
| Patricia Bonk Irrevocable Trust, HARRY | : | |
| BONK and PATRICIA BONK, | : | |
| | : | |
| Plaintiffs, | : | C.A. No. 06-285 (GMS) |
| | : | |
| v. | : | |
| | : | |
| RICHARD WEZNER, | : | |
| JOHN HANCOCK MUTUAL LIFE | : | |
| INSURANCE CO., and METLIFE, INC., | : | |
| | : | |
| Defendants. | : | |

### MOTION TO COMPEL PRODUCTION OF SUBPOENAED DOCUMENTS

Defendant, John Hancock Variable Life Insurance Company (improperly named "John Hancock Mutual Life Insurance Company" in the Complaint) ("John Hancock"), by and through its counsel, Stevens & Lee, P.C., files this Motion to Compel Production of Subpoenaed Documents from Lincoln National Life Insurance Co. ("Lincoln"), and in support of this Motion states the following:

1. John Hancock prepared the Subpoena Duces Tecum ('Subpoena"), which is attached as Exhibit A, and this Subpoena was served on Lincoln on February 26, 2008, as shown in the attached Proof of Service, attached as Exhibit B.

2. Following service of this Subpoena, Lincoln raised several objections in letters to John Hancock dated March 4, 2008 and March 7, 2008. Copies of those letters are attached as Exhibit C.

3. In discussions concerning those letters, all of Lincoln's objections regarding the Subpoena were resolved, with the exception of those raised about Lincoln's privacy concerns

arising under the provisions of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., because, according to Lincoln, the plaintiffs in this matter were not the last owners of the insurance policies subpoenaed.

4.   The documents subpoenaed are relevant and material to the instant litigation, and production of those documents overrides any potential privacy concerns.  Moreover, the parties in this action have executed a Protective Order, approved and entered by Judge Jordan, which is attached as Exhibit D.  John Hancock has agreed to mark all of the documents it receives from Lincoln as "Confidential" pursuant to that Protective Order, which will ensure the confidentiality of the documents subpoenaed.

5.   Lincoln, as well as all of the parties to this litigation, have advised the undersigned that they do not oppose this Motion to Compel and the entry of the Proposed Order filed with this Motion.  Therefore, this Motion is not contested.

6.  In view of the foregoing, John Hancock respectfully requests that the Court enter the proposed Order filed with this Motion.

Dated:  March 12, 2008                    STEVENS & LEE, P.C.


By   _/s/ Joseph Grey_____
     Joseph Grey ( No. 2358)
     Thomas G. Whalen, Jr. (No. 4034)
     1105 North Market Street, 7th Floor
     Wilmington, DE  19801
     Telephone:  (302) 654-5180
     Facsimile:  302-654-5181
     E-mails: jg@stevenslee.com
           tgw@stevenslee.com

       - and –

     William J. Payne (Admitted Pro Hac Vice)
     STEVENS & LEE, P.C.
     620 Freedom Business Center, Suite 200
     P. O. Box 62330
     King of Prussia, PA 19406

     Attorneys for Defendant, John Hancock Variable
     Life Insurance Company

# Exhibit A

**ISSUED BY THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

MARK BONK, as trustee of the Harry and Patricia Bonk   :
Irrevocable Trust, HARRY BONK and PATRICIA BONK,  :
              Plaintiffs                :

         v.                   :

RICHARD WEZNER, JOHN HANCOCK MUTUAL LIFE  :
INSURANCE CO. and METLIFE, INC.,         :
              Defendants            :

**SUBPOENA [DUCES TECUM]
IN A CIVIL CASE**

CA. No. 06-285 (GMS)

**TO:**    **Lincoln National Corporation
       Attn: Dennis L. Schoff, Esquire
       Senior Vice President and General Counsel
       Lincoln Financial Group
       Centre Square West Tower
       1500 Market Street, Suite 3900
       Philadelphia, PA 19102-2112**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| Place of Testimony | Courtroom |
| --- | --- |
|  | Date and Time |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| Place of Deposition | Date and Time |
| --- | --- |
|  |  |

■ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED EXHIBIT A FOR DESCRIPTION OF SUBPOENAED DOCUMENTS**

| Place of Production:<br>  Stevens & Lee, 620 Freedom Business Center, Suite 200,<br>  P.O. Box 62330, King of Prussia, PA 19406 | Date and Time<br>**March 10, 2008** |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises | Date and Time |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if Attorney for Plaintiff or Defendant) | Date:<br>**February 22, 2008** |
| --- | --- |

*William J. Payne (signature)*

**Attorney for Defendant, John Hancock Mutual Life Insurance Co.**

Issuing Officer's Name, Address and Phone Number:
    William J. Payne, Esquire, Stevens & Lee, 620 Freedom Business Center, Suite 200,
    P.O. Box 62330, King of Prussia, PA 19406 (610) 205-6041 wjp@stevenslee.com

## EXHIBIT A

All records, documents, files, and materials in your possession, custody or control, including electronic documents and information (herein collectively call "documents"), regarding, concerning, referring or relating to any and all individually owned life insurance policies, second-to-die or survivorship life insurance policies, estate protection insurance policies, annuities, and/or any other type of insurance product (herein collectively called "Policy" or "Policies") owned by, on the life of, or for or on behalf of: Harry Bonk, Patricia Bonk (a/k/a Helen Patricia Bonk), Mark Bonk, the Irrevocable Trust of Patricia Bonk (or Helen Patricia Bonk), and/or the Irrevocable Trust of Harry and Patricia Bonk (or Helen Patricia Bonk), individually or collectively, including but not limited to policies issued by Lincoln National Life, including but not limited to Lincoln National Life Policy No. 7100468.  These subpoenaed documents include, but are not limited to: all insurance-related documents; applications for insurance; insurance Policies; records or documents showing premium payments and/or premium schedules; Policy illustrations; notes; notices; correspondence and communications, including written or electronic; changes of address and/or address records; statements; logs; pre and post-issuance documents; surrender documents, checks, and information; replacement notices, information, illustrations and documents; all documents involving, showing, referring or relating to communications with Richard S. Wezner regarding any of the Policies, as defined above; and all other Policy (as defined above) related documents concerning, referring or relating to any and/or all of the individuals and/or trusts named above.

Federal Rules of Civil Procedure 45 (c), (d) and (e), as amended effective on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expenses on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees -- on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises -- or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person -- except that, subject to Rule (c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions..

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(b), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonable accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## CERTIFICATION OF DOCUMENT PRODUCTION

Re:     *Bonk, et. al. v. Richard Wezner, et. al.*
        United States District Court, District of Delaware
        Civil Action No. 06-285 (GMS)


        I, _____, the custodian of the records for Lincoln National
Corporation, hereby certify that I have provided all documents in our files and records which
were described in the subpoena in the above-referenced matter.


                                                    _____


Sworn to and subscribed
before me this _____
day of _____, 2008.


_____
Notary Public

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | Date | Place |
| Served on (Print Name) | | Manner of Service |
| Served by (Print Name) | | Title |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____

Date

_____

Signature of Server

_____

_____

Address of Server

# Exhibit B

**ISSUED BY THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MARK BONK, as trustee of the Harry and Patricia Bonk Irrevocable Trust, HARRY BONK and PATRICIA BONK, Plaintiffs | : : : : | **SUBPOENA [DUCES TECUM] IN A CIVIL CASE** |
| v. | : | |
| RICHARD WEZNER, JOHN HANCOCK MUTUAL LIFE INSURANCE CO. and METLIFE, INC., Defendants | : : : | CA. No. 06-285 (GMS) |

TO:    **Lincoln National Corporation**
**Attn: Dennis L. Schoff, Esquire**
**Senior Vice President and General Counsel**
**Lincoln Financial Group**
**Centre Square West Tower**
**1500 Market Street, Suite 3900**
**Philadelphia, PA 19102-2112**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| Place of Testimony | Courtroom |
|---|---|
| | Date and Time |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| Place of Deposition | Date and Time |
|---|---|
| | |

■ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED EXHIBIT A FOR DESCRIPTION OF SUBPOENAED DOCUMENTS**

| Place of Production: **Stevens & Lee, 620 Freedom Business Center, Suite 200, P.O. Box 62330, King of Prussia, PA 19406** | Date and Time **March 10, 2008** |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises | Date and Time |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if Attorney for Plaintiff or Defendant) | Date: **February 22, 2008** |
|---|---|

*William J. Payne* (signature)

**Attorney for Defendant, John Hancock Mutual Life Insurance Co.**

Issuing Officer's Name, Address and Phone Number:
**William J. Payne, Esquire, Stevens & Lee, 620 Freedom Business Center, Suite 200, P.O. Box 62330, King of Prussia, PA 19406  (610) 205-6041  wjp@stevenslee.com**

SL1 797036v1/010155.00033

## PROOF OF SERVICE

| SERVED | Date  2/26/08 | Place  750 N. Pennock Chester Rd. Pennock Pa. 19087 |
|---|---|---|
| Served on (Print Name)  Lincoln Financial Group | | Manner of Service  N Handing to David Evans (front desk mgr) |
| Served by (Print Name)  Russell R. D'Alonzo | | Title  Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: 2/26/08
Date

_____
Signature of Server

Russell D'Alonzo
C&E Legal Services
1341 N. Delaware Avenue
Philadelphia, PA 19125
215-739-7050

_____
Address of Server

Exhibit C


## Lincoln
### Financial Group®

March 4, 2008

Lincoln Financial Group
PO Box 21008
Greensboro NC 27420

bus  336 691 3000

**VIA FACSIMILE (610) 371-7987 & First Class Mail**

Stevens & Lee
Attn: William J. Payne, Esq.
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406

Re:   _Subpoena [Duces Tecum] In A Civil Case_
      _Mark Bonk, as trustee of the Harry and Pataricia Bonk Irrev. Trust, et al v._
      _Richard Wezner, John Hancock Mutual Life Insurance Company and_
      _MetLife, Inc.; US District Court, District of Delaware_
      _Civil Action No. 06-285(GMS)_

Dear Mr. Payne:

On February 28, 2008, we received your _Subpoena Duces Tecum In A Civil Case_ ("Subpoena") in the matter referenced above, issued to Lincoln National Corporation, and requesting certain records relating to Harry Bonk, Patricia Bonk, Mark Bonk, the Irrevocable Trust of Patricia Bonk and/or the Irrevocable Trust of Harry and Patricia Bonk (the "Affected Parties").

After careful review of your Subpoena, we must object for the following reasons:

First, we require that you issue your Subpoena to a proper corporate legal entity. Lincoln National Corporation has no records that respond to your Subpoena.

Second, we object to your Subpoena as being overly broad and unduly burdensome. Responding to the Subpoena as written would subject our company to an undue burden and unnecessary expense. Please carefully tailor your Subpoena to limit this burden.

Third, based on certain privacy regulations and procedures implemented after Congress passed the Gramm-Leach-Bliley Act, please be advised that we are obligated not to release records that are considered confidential, proprietary and contain non-public personal information about the Affected Parties (i.e. policy owners, insureds, agents and employees) unless we receive either (i) written authorization from the Affected Parties named in your Subpoena or (ii) a protective order or other Order entered by the Court allowing the production of specific documents.

Upon receipt of the requirements described above, we will research and gather any responsive documents and provide them to you. Also, please forward any additional information or future court documents to me at the following address: 100 North Greene Street, Greensboro, North Carolina, 27401.

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

Page 2
William J. Payne, Esq.
March 4, 2008


     We appreciate your help in complying with current privacy laws.  If you have any questions, you may reach me at (336) 691-4509.

     Sincerely,

*Lora W. Routh*

Lora W. Routh
Paralegal


**Lincoln**
Financial Group®

March 7, 2008

Lincoln Financial Group
PO Box 21008
Greensboro NC 27420

bus  336 691 3000

**VIA FACSIMILE (610) 371-7987 & First Class Mail**
Stevens & Lee
Attn:  William J. Payne, Esq.
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406

Re:    *Subpoena [Duces Tecum] In A Civil Case*
       *Mark Bonk, as trustee of the Harry and Patricia Bonk Irrev. Trust, et al v.*
       *Richard Wezner, John Hancock Mutual Life Insurance Company and*
       *MetLife, Inc.; US District Court, District of Delaware*
       *Civil Action No. 06-285(GMS)*

Dear Mr. Payne:

   Thank you for your call and your email attaching your Protective Order in the matter referenced above.

   After a thorough review of the Protective Order, we have found that our same objections still apply.  As you know, we objected to your Subpoena in part based on the Gramm-Leach-Bliley Act and other privacy laws.  You have requested production of documents related to Affected Parties (i.e. policy owners, insured, agents and employees) who are not parties to this action and are not addressed in the Protective Order.  Nothing in the Protective Order contemplates production of the documents that you request in this scenario.

   Please understand that we cannot provide you with the documents that you request unless you provide (i) written authorization from the owner of the policy you reference, (ii) a court order directed to the proper corporate entity compelling production of specific documents or (iii) a protective order.

   If you choose to provide us with a protective order, please ensure that the Order meets the following requirements:

   1)    It must address the proper corporate legal entity;

   2)    It must require that the documents produced shall be used solely in the instant proceeding;

   3)    It must provide that the documents shall either be returned to the producing party or destroyed at the conclusion of the proceeding; and

   4)    It must allow that Lincoln shall be released from any potential liability under the Gramm-Leach-Bliley Act or any other state or federal privacy regulation by producing documents consistent with the order.

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

William J. Payne, Esq.
March 7, 2008
Page 2

We must continue to assert and rely on the objections outlined in our letter to you of March 4, 2008. I am sure you understand that we must protect the privacy interests of our customers.

As you explained to us in your email, you may provide authorization from the policy owner of one of policies described in your subpoena. Upon receipt of that authorization, we will provide the responsive documents to you related to that policy.

Please forward all future correspondence to me at the address above. If you have any questions, you may reach me at (336) 691-4509.

Thank you for your attention in this matter.

Sincerely,

*Lora W. Routh*

Lora W. Routh
Paralegal

# Exhibit D

**Bekelja, Nicol A.**

---

**From:** ded_nefreply@ded.uscourts.gov [mailto:ded_nefreply@ded.uscourts.gov]
**Sent:** Thursday, November 09, 2006 4:41 PM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:06-cv-00285-KAJ Bonk et al v. Wezner et al SO ORDERED

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**District of Delaware**

**Notice of Electronic Filing**

The following transaction was entered on 11/9/2006 at 4:40 PM EST and filed on 11/9/2006
**Case Name:**        Bonk et al v. Wezner et al
**Case Number:**      1:06-cv-285
**Filer:**
**Document Number:** No document attached

**Docket Text:**
SO ORDERED, re [64] MOTION for Protective Order /*Stipulated Protective Order* filed by Mark Bonk, Harry Bonk, Patricia Bonk. Signed by Judge Kent A. Jordan on 11/9/06. (rwc)

**1:06-cv-285 Notice has been electronically mailed to:**
Denise Seastone Kraft dkraft@eapdlaw.com
Joseph Grey jg@stevenslee.com
William F. Taylor, Jr wtaylor@mccarter.com
David E. Wilks dwilks@reedsmith.com
Thomas Gerard Whalen, Jr tgw@stevenslee.com
John J. Tumilty jtumilty@eapdlaw.com

**1:06-cv-285 Notice has been delivered by other means to:**

**Bekelja, Nicol A.**

---

**From:** ded_nefreply@ded.uscourts.gov [mailto:ded_nefreply@ded.uscourts.gov]
**Sent:** Tuesday, November 07, 2006 2:23 PM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:06-cv-00285-KAJ Bonk et al v. Wezner et al Motion for Protective Order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**U.S. District Court**

**District of Delaware**

**Notice of Electronic Filing**

The following transaction was entered by Bracegirdle, Thad on 11/7/2006 at 2:22 PM EST and filed on 11/7/2006

| | |
|---|---|
| **Case Name:** | Bonk et al v. Wezner et al |
| **Case Number:** | 1:06-cv-285 |
| **Filer:** | Harry Bonk |
| | Mark Bonk |
| | Patricia Bonk |

**Document Number:** 64

**Docket Text:**
MOTION for Protective Order */Stipulated Protective Order* - filed by Mark Bonk, Harry Bonk, Patricia Bonk. (Bracegirdle, Thad)

**1:06-cv-285 Notice has been electronically mailed to:**

Joseph Grey     jg@stevenslee.com

Denise Seastone Kraft     dkraft@eapdlaw.com

William F. Taylor , Jr     wtaylor@mccarter.com

John J. Tumilty     jtumilty@eapdlaw.com

Thomas Gerard Whalen , Jr     tgw@stevenslee.com

David E. Wilks     dwilks@reedsmith.com

**1:06-cv-285 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=11/7/2006] [FileNumber=299099-0]
[e5442df92648578fea8d5e8e57e917a3754261755f97e9f5d80fc74fc5b150345f77
3b8cee01e71b04586f69fd86f36d59b8d69c81cbb2d7d838662797172597]]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK BONK, as trustee of the Harry and    )
Patricia Bonk Irrevocable Trust, HARRY    )
BONK AND PATRICIA BONK,                   )
                                          )
            Plaintiffs,                   )        Civil Action No. 06-285-KAJ
                                          )
      v.                                  )
                                          )
RICHARD WEZNER, JOHN HANCOCK              )
MUTUAL LIFE INUSRANCE CO., and            )
METLIFE, INC.,                            )
                                          )
            Defendants.                   )

## STIPULATED PROTECTIVE ORDER

AND NOW, this ____ day of _____, 2006, it is hereby ORDERED, and

ADJUDGED THAT:

Whereas, plaintiffs and defendants have served, or intend to serve, interrogatories,

requests for production of certain documents and tangible things, and notices of depositions and

requests for admissions, the responses to which the respective attorneys contend will include the

disclosure of trade secrets, proprietary data, confidential business information, and/or other

confidential information, IT IS HEREBY ORDERED THAT:

1.    This Order shall govern the handling of documents, depositions, deposition

exhibits, interrogatory responses, admissions and any other information produced, given or

exchanged by and among the parties to the above-referenced action (the "Parties" or,

individually, a "Party") in connection with discovery in the above-referenced action

(collectively, "Discovery Material").

2.    Any Party producing Discovery Material may designate as "Confidential" any

Discovery Material that the Party considers in good faith to contain information that is

protectable pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure or pursuant to other applicable rules, statutes or case law (hereinafter "Confidential Material").

3.    Unless otherwise ordered by the Court, Confidential Material and its contents may be disclosed only to:

(a)    The attorneys who are working on this case for the Parties, including in-house counsel, and such other attorneys who shall enter an appearance in this action, and the attorneys' associates, paralegals, legal assistants and outside support services;

(b)    Such other personnel employed by said attorneys in this action (including outside copying services and outside litigation support services);

(c)    The Parties, including current directors, officers, or employees of the Parties or their liability insurance carriers in this action to the extent deemed necessary by counsel for the prosecution, defense, or settlement of this action;

(d)    Witnesses, experts, and consultants (and, if applicable, their counsel) to the extent deemed necessary by counsel for the prosecution, defense, or settlement of this action and subject to the restrictions set forth in paragraphs 7 through 9 hereof;

(e)    Stenographic or court reporters, court videographers, and similar transcription services involved in the memorialization or transcription of testimony in this action;

(f)    The Court or persons employed by the Court;

(g)    Any fact witness (and his or her counsel) to the extent necessary to assist in preparing that witness to testify at deposition or trial, provided, however, that such fact witness is subject to the restrictions set forth in paragraphs 7 through 9 hereof, and that fact witness shall not retain the confidential materials or records or any copy thereof;

2

(h)    Any fact witness (and his or her counsel) to the extent reasonably necessary to determine (i) the extent of that witness's knowledge relevant to this litigation, or (ii) whether that witness will in fact be called to testify at trial, provided, however, that such fact witness is subject to the restrictions set forth in paragraphs 7 through 9 hereof, and that fact witness shall not retain the confidential materials or records or any copy thereof;

(i)    Any person retained or consulted by any counsel of record to assist in the preparation of this action, to testify at trial, or for any other proceedings in this case; and

(j)    Any other person, only upon order of the Court or upon stipulation of the Party producing and designating Confidential Material.

4.    Any Party claiming in good faith that Discovery Material is confidential shall be required to designate those materials that are considered to be confidential and covered by the Protective Order in writing or on the stenographic record to the other Parties and their attorneys at or prior to the time of disclosure of any such material. Any document, response, pleading, or interrogatory answer that a Party in good faith believes is entitled to confidential treatment and ought to be covered by this Protective Order and that is delivered to the opposing Parties shall be stamped "CONFIDENTIAL" by the producing Party on or before the time of said delivery in such a manner that does not obliterate or hinder the reading and use of the document. As to deposition testimony, such designation shall be made on the record at the time of the deposition or in writing within fifteen (15) days after the testimony is transcribed and delivered to the Parties; provided, however, that the entire deposition shall be treated as confidential prior to such designation or the expiration of the fifteen-day period, whichever comes first.

5.    All Confidential Material that is filed with the Court in this action and all pleadings and memoranda purporting to produce or paraphrase such Confidential Material shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this action, a generic designation of the contents of such sealed envelope or other container, the word "CONFIDENTIAL," and words in substantially the following form:

> This envelope contains documents that are filed
> in this case by [name of party] and, by Order of
> this Court, shall not be opened nor the contents
> hereof be displaced or revealed except by
> further order of the Court.

6.    The persons identified in Paragraph 3 shall be prohibited from disclosing the contents of any Confidential Material except as provided herein, or except as otherwise agreed upon by the Party producing the Confidential Material, or except as permitted by order of this Court, or except as ordered by any other court or as required by a subpoena; provided, however, that if any person receiving Confidential Material pursuant to this Order (the "Receiver") is subpoenaed in any other action or proceeding and such subpoena seeks Discovery Material which was produced and designated as "Confidential" by someone other than the Receiver, the Receiver shall give written within five (5) business days of receipt of such subpoena to the Party who produced or designated the Confidential Material and shall object to the production of such Confidential Material on the grounds of the existence of this Order. The burden of opposing the enforcement of the subpoena shall fall upon the Party who produced or designated the Confidential Material. Unless the Party who produced or designated the Confidential Material obtains an order directing that the subpoena not be complied with, the Receiver shall be permitted to produce documents in compliance with the subpoena. Compliance by the Receiver

with any order directing production of Confidential Material pursuant to a subpoena shall not constitute a violation of this Order.

7.      Documents or portions of documents covered by this Order may be disclosed to fact witnesses (including, but not limited to, former employees of John Hancock Mutual Life Insurance Company and John Hancock Variable Life Insurance Company and MetLife employees), consultants, and experts as may be deemed necessary by the parties to assist in the preparation of this case, provided that, prior to disclosure of the documents or information contained therein, such persons shall be informed of this Protective Order and its provisions or they shall be provided with a copy of this Protective Order or both, shall be advised that they are bound by the terms of the Protective Order as to any confidential information they review, and shall execute a copy of the Protective Order signaling their acknowledgement that they are bound by its terms.

8.      Nothing contained herein shall prevent any Party from disclosing any Confidential Material to any witness or their counsel during a deposition. However, unless a deposition witness has complied with paragraph 7, no deposition witness may review or retain any Confidential Material before or after the deposition.

9.      To the extent that disclosure or use of Confidential Material is made upon deposition, those portions of the deposition transcript filed with the Court that contain or refer to Confidential Material shall be filed in accordance with the procedures described above and shall remain under seal until further order of this Court, and those portions of the copies of the deposition transcript provided to counsel that contain such information shall be subject to the provisions of this Protective Order.

10.    During the pendency of this action, any Party objecting to the designation of any Discovery Material as "Confidential" may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation.

11.    Nothing in this Protective Order shall be deemed to be a waiver by any party of any privilege or protection applicable to any document or information disclosed pursuant hereto. The parties expressly reserve all rights regarding the attorney-client privilege, the attorney work product doctrine and any and all other protections and privileges provided under applicable law, including The Federal Rules of Civil Procedure. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any Party is inadvertently produced to such Party(ies), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing Party would otherwise be entitled. If a claim of inadvertent production is made with respect to information then in the custody of another Party, that Party shall promptly return to the claiming Party or person that material as to which the claim of inadvertent production has been made, and the receiving Party shall not use such information for any purpose until further order of the Court. The Party returning such material may then move the Court for an order compelling production of the material.

12.    Within thirty (30) days following final termination of this action (including any appeals therefrom), defendants, plaintiffs, or any other person subject to the terms of this Order shall either:

(a)    Assemble and return to the originating source all materials and documents marked "CONFIDENTIAL" and all copies, summaries and abstracts thereof to the extent

6

they disclose such confidential information and to return all other material, memoranda or documents embodying such confidential information, unless the parties agree otherwise; or

      (b)    Destroy all such materials and documents and certify in writing to the producing Party that they have done so.

Provided, however, that counsel of record for the Parties may retain all pleadings and other material constituting work product including all documents filed with the Court.

    13.    It is contemplated by this Protective Order that Confidential Material shall remain confidential and shall be treated as confidential even after the termination of this action.

    14.    Upon the request of any Party, and with proper notice to any opposing Party, the Court may modify or amend this Order. The Parties have expressly reserved their right to seek modification of this Protective Order based on good cause.

    15.    This Court shall retain jurisdiction to enforce or revoke this Protective Order.

    16.    This Order shall continue in force until dissolved and shall be construed according to the Federal Rules of Civil Procedure. This Order shall not apply to any opinion, ruling, order, or comment made by a judge or any appellate judge during the litigation of this case.

    17.    By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

*Attorneys for Defendants*
*Metropolitan Life Insurance*

William F. Taylor, Jr., Esquire
McCarter & English, LLP
919 North Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899

*/s/ William F. Taylor*
William F. Taylor, Esq.

Dated: November 7, 2006

Robert Lesko
McCarter & English, LLP
Gateway Four
100 Mulberry Street
Newark, NJ 07102

*/s/ Robert Lesko*
Robert Lesko, Esq.

Dated: November 7, 2006

*Attorneys for Defendant Richard Wezner*

Denise Seastone Kraft, Esquire
Edwards Angell Palmer & Dodge LLP
919 North Market Street, 14th Floor
Wilmington, DE 19899

*/s/ Denise Seastone Kraft*
Denise Seastone Kraft, Esq.

John J. Tumilty, Esquire
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199

*/s/ John J. Tumilty*
John J. Tumilty, Esq.

Dated: November 7, 2006

*Attorneys for Defendant John*
*Hancock Mutual Life Ins. Co.:*

Joseph Grey, Esquire
Thomas G. Whalen, Jr., Esquire
Stevens & Lee P.C..
1105 North Market Street, Suite 700
Wilmington, DE 19801

*/s/ Thomas G. Whalen, Jr.*
Joseph Grey, Esq.
Thomas G. Whalen, Jr., Esq.

Dated: November 7, 2006

William J. Payne, Esquire
Stevens & Lee, P.C.
620 Freedom Business Center
Suite 200
P.O. Box 62330
King of Prussia, PA 19406

*/s/ William J. Payne*
William J. Payne, Esq.

Dated: November 7, 2006

*Attorneys for Plaintiffs*

REED SMITH LLP
David E. Wilks
1201 Market Street, Suite 1500
Wilmington, DE 19801

*/s/ David E. Wilks*
David E. Wilks, Esq.

Dated: November 7, 2006

SO ORDERED this _____ day of _____, 2006

BY THE COURT:

_____
J.

8

**STATEMENT PURSUANT TO LOCAL RULE 7.1.1**

I, Joseph Grey, hereby aver, pursuant to Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, that a reasonable effort has been made to reach agreement with the parties in this action and with Lincoln National Life Insurance Co. on the matters set forth in the foregoing Motion.  In fact, the parties to this action have consented to the relief sought in the Motion.  Nevertheless, an Order from the Court is required to effectuate the parties' agreement.

 */s/ Joseph Grey*                                  
Joseph Grey

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARK BONK, as trustee of the Harry and      :
Patricia Bonk Irrevocable Trust, HARRY      :
BONK and PATRICIA BONK,      :
     :
         Plaintiffs,      :      C.A. No. 06-285 (GMS)
     :
         v.      :
     :
RICHARD WEZNER,      :
JOHN HANCOCK MUTUAL LIFE      :
INSURANCE CO., and METLIFE, INC.,      :
     :
         Defendants.      :

## ORDER

AND NOW, this _____ day of March, 2008, based upon Defendant John

Hancock's  Motion to Compel Production of Subpoenaed Documents, it is hereby ORDERED

AND DECREED that John Hancock's Motion is GRANTED and that Lincoln National Life

Insurance Co. shall produce within five (5) business days from the date of this Order all of the

documents and materials requested by John Hancock in its Subpoena Duces Tecum to Lincoln

dated February 22, 2008.

ENTERED THIS _____ DAY OF MARCH 2008.

_____
Hon. Gregory M. Sleet, Chief Judge

## CERTIFICATE OF SERVICE

I, Joseph Grey, hereby certify that, on this 12th day of March, 2008, and in addition to the service provided under the Court's CM/ECF system, I caused true and correct copies of the foregoing Motion to Compel to be served upon counsel of record, and upon Lincoln National Life Insurance Co., via First Class United States Mail, postage prepaid and addressed as follows:

R. Karl Hill, Esquire
Patricia P. McGonigle, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE  19899

Daniel P. Bennett, Esquire
Mintzer, Sarowitz, Zeris, Ledva & Meyers
1220 Market Street, Suite 300
Wilmington, Delaware 19801

Penelope M. Taylor, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102

William F. Taylor, Esq.
McCarter & English, LLP
919 North Market Street, Suite 1800
P.O. Box 11
Wilmington, DE  19899
Attorneys for MetLife, Inc.

Lora W. Routh, Paralegal
Lincoln Financial Group
100 North Greene Street
Greensboro, NC  27401
And By E-Mail to Lora.Routh@lfg.com

 _/s/ Joseph Grey_
Joseph Grey