# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARK BONK, as trustee of the Harry and     :
Patricia Bonk Irrevocable Trust, HARRY     :
BONK and PATRICIA BONK,                     :
                                            :
      Plaintiffs,     :   C.A. No. 06-285 (GMS)
                                            :
      v.     :
                                            :
RICHARD WEZNER,                             :
JOHN HANCOCK MUTUAL LIFE                    :
INSURANCE CO., and METLIFE, INC.,          :
                                            :
      Defendants.     :

## RESPONSE OF DEFENDANT
### JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY
(incorrectly designated "John Hancock Mutual Life
Insurance Co." in the Amended Complaint)
### TO DEFENDANT RICHARD WEZNER'S MOTION FOR A PROTECTIVE ORDER

Defendant, John Hancock Variable Life Insurance Company (herein "Defendant John

Hancock" or "John Hancock") (incorrectly designated "John Hancock Mutual Life Insurance

Company" in the Amended Complaint), by its attorneys, responds to Defendant Richard

Wezner's Motion for a Protective Order as follows:

1. Defendant John Hancock does not take a position regarding whether or not the Court

should grant Defendant Wezner's Motion for a Protective Order.

2. However, if the Court grants Defendant Wezner's Motion for a Protective Order, John

Hancock requests, pursuant to Rule 26 of the Federal Rules of Civil Procedure, that the Court

stay all discovery for all parties in this matter, pending further order of the Court.

3. In view of the allegations in Plaintiffs' Complaint, Mr. Wezner is central to some of

John Hancock's defenses in this litigation, and his participation in this litigation is critical to all

of the parties. Plaintiffs aver, among other things, that John Hancock is vicariously liable for the alleged wrongdoing of Mr. Wezner.

4. In analogous circumstances, the United States District Court for the Eastern District of Pennsylvania has granted a corresponding stay to the other parties, where a critical defendant could not participate in discovery, *Great Western Funding, Inc. v Mendelson*, 159 B.R. 450, 1993 U.S. Dist LEXIS 13790 (E.D. Pa. 1993). In *Great Western*, two defendants moved for a protective order staying all proceedings pending conclusion of proceedings in the United States Bankruptcy Court involving another defendant, Cooper Hospital. The automatic stay in the Bankruptcy Court prevented the moving defendants from conducting discovery from Cooper Hospital in the District Court case. The District Court stayed all proceedings in that matter until the Bankruptcy Court case concluded and Cooper Hospital was released from the automatic stay. The Court decided that the moving defendants would be "restricted in their ability to defend against plaintiffs' claims without the participation of Defendant Cooper Hospital," that the Protective Order would not prejudice the plaintiffs, and that all parties would be "burdened with additional expense if required to proceed without the participation of Defendant Cooper Hospital." 1993 U.S. Dist. LEXIS at *5-*7. As the Court also noted as a reason for granting the Protective Order, relevant here, "Whenever Defendant Cooper Hospital rejoins this suit, the Board Defendants and Law Firm Defendants would be required to prepare for and attend numerous depositions for a second time." 1993 U.S. Dist. LEXIS at *7. The same conclusions are warranted here if the Court grants a protective order and a stay of discovery for Mr. Wezner, but not for all of the other parties.

SL1 814517v1/010155.00033

Accordingly, in view of the reasons stated above, if the Court grants defendant Wezner's Motion for a Protective Order and a stay of discovery for him, John Hancock requests that the Court issue an order staying discovery for all parties, pending further order of this Court.

Respectfully submitted,

Dated:  May 2, 2008

STEVENS & LEE, P.C.

By _____

Joseph Grey (No. 2358)
Thomas G. Whalen, Jr. (No. 4034)
1105 North Market Street, 7th Floor
Wilmington, DE  19801
Telephone:  (302) 654-5180
Facsimile:  302-654-5181
E-mails: jg@stevenslee.com
              tgw@stevenslee.com

- and –

William J. Payne (Admitted Pro Hac Vice)
STEVENS & LEE, P.C.
620 Freedom Business Center, Suite 200
P. O. Box 62330
King of Prussia, PA 19406

Attorneys for Defendant, John Hancock Variable
Life Insurance Company

3

## CERTIFICATE OF SERVICE

I, Joseph Grey, hereby certify that, on this 2nd day of May, 2008, and in addition to the

service provided under the Court's CM/ECF system, I caused true and correct copies of the

foregoing Response of John Hancock to Defendant Wezner's Motion for a Protective Order to be

served upon counsel of record, and upon Lincoln National Life Insurance Co., via First Class

United States Mail, postage prepaid and addressed as follows:

R. Karl Hill, Esquire
Patricia P. McGonigle, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE  19899

Daniel P. Bennett, Esquire
Mintzer, Sarowitz, Zeris, Ledva & Meyers
1220 Market Street, Suite 300
Wilmington, DE  19801

Penelope M. Taylor, Esq.
John Pendleton, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102

William F. Taylor, Esq.
Daniel Silver, Esq.
McCarter & English, LLP
919 North Market Street, Suite 1800
P.O. Box 11
Wilmington, DE  19899
Attorneys for MetLife, Inc.

_____
Joseph Grey